# CHARLESTON.

HINES *v.* BOARD OF EDUCATION OF SPRINGFIELD DISTRICT.

## Decided March 30, 1901.

1. JUSTICE—*Appeal—Dismissal—Exceptions.*

On appeal from a justice, when a motion is made by the appellee to dismiss the appeal because inprovidently awarded, and the motion is overruled, the appellate court cannot review such ruling, unless it was objected to and exception taken when the ruling was made, or the point saved, and a bill of exceptions duly taken, showing the ruling complained of, or unless the error appears upon the record. (p. 428).

2. CONTRACT—*Construction—Court—Jury.*

When a question arises as to the legality of a written contract, it is for the court, and not the jury, to decide. (p. 429).

Error to Circuit Court, Monroe County.

Action by J. E. Hines against the Board of Education of Springfield district. Judgment for defendant on appeal from justice, and plaintiff brings error.

*Affirmed.*

ROWAN & BOGGESS, for plaintiff in error.

JOSEPH D. LOGAN and JOHN OSBORNE, for defendant in error.

McWhorter Judge:

This was an action before a justice by J. Elmer Hines against the Board of Education of Springfield District, Monroe County, founded on a contract to teach school made by E. G. Kendall and T. P. Ballard, claiming to be trustees of said district, with said Hines, dated August 24, 1898, claiming judgment for one hundred and twenty-five dollars for five months at twenty-five dollars per month. Under the said contract the school was to commence on the 3d day of October, 1898. Summons was issued April 6, 1899, returnable before the justice on the 21st day of April, on which day "Both parties appearing with their attorneys, J. A. Meadows for the plaintiff and A. G. Patton for the defendant, and after hearing all the evidence for both plaintiff and defendant and arguments by counsel, it is therefore considered that the plaintiff recover from the defendant the sum of one hundred and five dollars with legal interest thereon till paid and costs." The justice certified the record to be a full, true and complete transcript from his docket of all the proceedings had by and before him. There is nothing appearing in the justice's transcript as certified showing an application for an appeal, but there is a copy of an appeal bond made and executed in the case by the defendant dated April 27, 1899, which is approved by the justice who tried the case and certified the transcript which approval is dated April 29, 1899, and signed by said justice, which copy certified by the clerk of the circuit court is by agreement in writing signed by the counsel of both plaintiff and defendant in error made a part of the record in this cause. On the 10th day of June, 1899, the parties appeared in the circuit court by their attorneys and the plaintiff moved the court to dismiss said appeal because improvidently awarded, which motion the court overruled, and the defendant pleaded *non-assumpsit,* a jury of six was impaneled and sworn. After hearing the evidence the court instructed the jury to find for the defendant, and the jury returned a verdict accordingly. On the 12th day of June, 1899, the parties again appeared by counsel and the plaintiff and appellee moved the court to set aside the verdict of the jury and grant him a new trial for the reason that the same was contrary to the law and the evidence which motion was overruled, and judgment was entered reversing and annul-

ling the judgment of the justice and giving costs to defendant, the appellant. Plaintiff tendered a bill of exceptions to the several opinions and rulings of the court, which was signed and saved to him and made part of the record.

Plaintiff sued out a writ of error, and for assignment thereof, says, First, the court erred in overruling plaintiff's motion to dismiss the appeal as improvidently awarded, that the justice's record fails to show that appeal was applied for within ten days, as required by law. Second, the court erred in admitting improper evidence, set out in the bill of exceptions over the objection of plaintiff. Third, in sustaining the motion of defendant to instruct the jury to bring in a verdict for the defendant and in giving such instruction to the jury. Fourth, in overruling the motion of plaintiff in arrest of judgment and to set aside the verdict and grant him a new trial. Fifth, in entering up judgment for the defendant. As to the first assignment, it is disposed of by the fact that when the motion to dismiss the appeal was overruled, there was not only no exception taken to the ruling of the court, but no objection made at the time, nor is it mentioned in the bill of exceptions; from the record it simply appears that the motion was made and overruled, the issue at once made up, and the jury sworn and case tried. There being no objection or exception taken in the court below the question cannot be raised for the first time in this Court. *Danks* v. *Rodeheaver,* 26 W. Va. 274.

The second assignment of error, the admission of improper evidence over the objection of plaintiff seems to be entirely abandoned, as it is not mentioned in the brief of plaintiff and the evidence so complained of is that brought out only on cross examination of plaintiff's witnesses by which it is shown by the trustees who employed the plaintiff to teach the school and signed his contract and employment, as well as by the plaintiff himself, that they all had knowledge of the prior employment of and existence of the contract with Walter Miller to teach the same school at the time of the employment of plaintiff, and which evidence seems to me proper and relevant. As to the third, fourth and fifth assignments. Plaintiff put in evidence the contract in writing made by Kendall and Ballard, trustees, with plaintiff, dated August 24, 1898, his certificate to teach, etc., and record of the board of education of a meeting

held July 5, 1898, when Kendall was appointed a trustee of Oil Mill School, and the record of another meeting held July 30th, when Preston Ballard was appointed a trustee of said school in room of R. S. Ballard, who refused to serve and proved by the plaintiff himself that he was prevented from teaching the school by the action of the board of education giving the school to Walter Miller, who was in charge of the school the day he went to begin it, and remained in charge during the whole term. When plaintiff rested his case defendant moved the court to strike out the evidence introduced on behalf of the plaintiff and give judgment for defendant, which motion was overruled. Defendant then offered in evidence the appointment and contract made by R. H. Harvey and L. S. Riffe, trustees, with Walter Miller dated July 29, 1898, together with certificates for teaching, etc., and record of the board of education of July 5, 1898, appointing R. S. Ballard, trustee of the Oil Mill School, and also record of meeting of said board held September 17, 1898, all the members being present, when the following proceedings were had: "The president stated that the meeting was for the purpose of deciding between the two contracts now existing in Oil Mill District No. 19, the first contract being awarded to Walter Miller by R. H. Harvey and L. S. Riffe, trustees of said sub-district, the second contract being awarded to J. Elmer Hines by Greer Kendall and Preston Ballard, also trustees of said district. After hearing the statements of each of the contractors of said school the board of education decided in favor of the contract of Walter Miller." Plaintiff in his testimony admits that he knew of the existence of the contract with Miller for the school at the time he made his contract, and it is also proved by the direct testimony of the plaintiff that when he went to the school on the day to begin he found Walter Miller in charge of the school, and that he, Miller, remained in charge during the whole of said term. Both contracts were in the form prescribed by law. J. R. Thomas testified that "he lived in Springfield District, was president of the board of education of said district during the year 1898, that notice was given by him of the meeting to be held by the board of education of said district for the purpose of deciding between the two contracts of Walter Miller and J. Elmer Hines to said Hines and Miller, and to the trustees, and that Hines was present when said meeting was

held, that he had a talk with Mr. Kendall, one of the trustees, after the contract with Miller was made, who asked him whether it was a good contract, and he told Kendall it was, and would be recognized, as Riffe was a trustee." It is insisted by appellee that under the ruling of *Gilmer* v. *Snydenstricker*, 42 W. Va. 52, the objection and exception to the instruction of the court to the jury not appearing in the order, showing that it was made before the retirement of the jury, it is too late to take advantage of it, but the bill of exceptions shows that the evidence offered was closed, "Whereupon the defendant moved the court to instruct the jury to bring in a verdict for the defendant, to which motion the plaintiff by his attorney objected, but the court overruled said objection and instructed and directed the jury to bring in a verdict for the defendant, to which ruling of the court the plaintiff by his attorney excepted, whereupon the jury brought in a verdict for the defendant," etc., and this bill of exceptions is made part of the record, from which it clearly appears that the objection was made and exception taken in proper order and time. Section 12, chapter 45, Code, provides: "The trustees shall be under the supervision and control of the board of education, and in all cases the action of the trustees shall be subject to the revision and correction of the board of education, on the motion of any member thereof, or upon the complaint in writing of any three taxpayers in their sub-district." Under this provision where the trustees get their business into trouble by indiscretions or otherwise, the board of education may come to the rescue and revise and correct their action, as in the present instance, the board on its own motion held a meeting for the purpose of ascertaining which appointment of teachers, if either, should be held valid. It is claimed that under section 13 which provides that at least two of the trustees who are the trustees for the ensuing year shall concur," in the appointment, renders the appointment of Walter Miller to be teacher on the 29th day of July, 1898, null and void. Without the supervising action of the board of education before the time for commencing the school the appointment of Miller might have been avoided, and Hines given the preference. But the board of education having taken action, as they had the authority to do under section 12, the contract with Miller being approved by the board became and was valid. The two sections must be construed together. Evi-

dently the object of providing that "at least two of the trustees who are trustees for the ensuing year shall concur in the appointment" of teachers was to insure harmonious action between the teacher and a majority of the trustees, where the appointment was solely on the part of the trustees without the intervention of the board of education. The trustees having, by some misunderstanding or inharmonious working became involved in difficulty by having appointed two teachers when they had a right to appoint but one; the board of eduucation very wisely in the exercise of their authority for the settlement of the trouble into which the trustees had fallen, on the 17th day of September, 1898, more than two weeks before the school was to begin held a meeting to consider the two appointments and contracts and to decide which should be accepted as the legal appointment and contract, both teachers and holders of the respective appointments were present at the meeting and submitted their respective claims to the board which decided tnat the first in point of date, that held by Walter Miller, was the legal appointment and contract, and under which Miller went on and taught the school, rendering the service for which he was appointed. The action of the board of education was final. Plaintiff Hines had no claim to teach the school after such action of the said board, and is not prejudiced in his rights by his failure in his efforts to supplant him who had secured the employment to teach the school, and of which he had full notice before he secured his appointment. Whether the contract put in evidence by the defendant, which was that approved by the board of education and under which another than the plaintiff taught the school, was a legal contract, was a question of law for the court and not of fact for the jury, and having correctly decided the contract legal and binding, it was not error to instruct the jury to find for the defendant. *Davis* v. *Miller*, 14 Grat. 1; *Pasley* v. *English*, 10 Grat. 236; *Burke* v. *Lee*, 76 Va. 386; *Railway Co.* v. *Lacey*, 94 Va. 460; *Herbert* v. *Wise*, 3 Call, 209; *Addington* v. *Ethridge*, 12 Grat. 436. There is no error in the judgment and the same is affirmed.

*Affirmed.*