# CHARLESTON.

HOYT C. SKEEN *v.* BOARD OF EDUCATION OF WASHINGTON DISTRICT

(No. 6712)

Submitted October 21, 1930. Decided October 28, 1930.

*J. L. Wolfe* and *K. K. Hyre,* for plaintiff in error.
*Oliver D. Kessel* and *W. French Boggess,* for defendant in error.

LITZ, JUDGE:

This is an action by a school teacher against a board of education upon an alleged contract of employment. To the judgment of the circuit court, entered upon a directed verdict in favor of the defendant, Board of Education of Washington District, Jackson County, the plaintiff, Hoyt C. Skeen prosecutes this writ.

By written contract dated July 8, 1927, the board of educa-

tion employed Skeen to teach an eight-months' school at "Deer Knob" schoolhouse in said district, beginning August 8th, following. Trustees, previously appointed by the board, ten days later contracted with Ezra Smith to teach the school. After teaching three weeks, Skeen was notified by the trustees to discontinue. Smith then took charge and conducted the school the remainder of the term, receiving the full salary. The plaintiff sues for the salary of the entire term, upon the theory that he had a valid contract with the board which it violated by permitting Smith to oust him from the school. The defense is that the contract was invalid for want of authority in the board to employ a teacher after appointing trustees for the school.

The question thus raised involves an interpretation of section 53, chapter 45 of the Code, which authorizes a board of education to appoint one trustee for each school (sub-district) "to be custodian of the school properties therein," or to appoint three trustees for each school in the district, "who, when appointed, shall be the custodians of the school property therein, and who shall have the authority to appoint and contract with teachers." This section provides further: "The trustees so appointed shall exercise the same right and authority over their respective sub-districts as is exercised by the board of education when no trustees are appointed therein, but shall be subject to removal by the board of education at any time for neglect of duty or misconduct in office. The act of removing any trustee by the board of education as aforesaid shall be final. A school trustee shall be under the immediate direction of the board of education of his district, or of its authorized executive officer." In *West* v. *Stephenson*, 108 W. Va. 545, the trustees after employing a teacher, upon a change in their personnel, attempted to engage another for the same position. The board of education, assuming jurisdiction of the controversy between the two teachers, decided that the second one employed should be preferred. JUDGE HAYMOND MAXWELL, who delivered the opinion of the court, in discussing the action of the board, said: "In support of his contention that such action of the board is binding and final, relator cites the case of *Hines* v. *Board of Education*, 49 W. Va. 426, wherein the Court

quoted from Code, chapter 45, section 12 as it then was, as follows: 'The trustees shall be under the supervision and control of the board of education, and in all cases the action of the trustees shall be subject to the revision and correction of the board of education, on the motion of any member thereof, or upon the complaint in writing of any three tax-payers in their sub-district.' The Court then said: 'Under this provision where the trustees get their business into trouble by indiscretions or otherwise, the board of education may come to the rescue and revise and correct their action, as in the present instance, the board on its own motion held a meeting for the purpose of ascertaining which appointment of teachers, if either, should be held valid.' That holding is not authority now because the statute has been greatly changed. Section 53 of chapter 45 provides that a board of education may appoint three trustees for a sub-district but the above quoted provision of the old statute has been eliminated. The most that the statute now says on the subject of the control of trustees by board of education is that 'the trustees so appointed shall exercise the same right and authority over their respective sub-districts as is exercised by the board of education when no trustees are appointed therein, but shall be subject to removal by the board of education at any time for neglect of duty or misconduct in office.' "

The statute, in its present form, properly interpreted, vests in the trustees exclusive authority to appoint and contract with teachers, notwithstanding the general provision that "a school trustee shall be under the immediate direction of the board of education of his district, or of its authorized executive officer." This supervision of the board was intended to apply either to the case where only one trustee has been appointed as custodian of the school properties, or, if applicable to the case where three trustees have been appointed, is confined to the details of their work and does not go to the extent of depriving the trustees of authority specifically vested in them. It may be that the board could, by reason of the provision in the statute making its action final, at any time dispense with the trustees, but whether this be true or not, the legislature could not have intended to vest in two bodies the same author-

ity and thus bring about controversy and confusion. We are of opinion, therefore, that the board of education was without authority to enter into the contract with the plaintiff and that he has no cause of action for its breach.

The judgment of the circuit court is affirmed.

*Affirmed.*