𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

BURKE v. LEE AND WIFE.

April 6, 1882.

1. WILLS—*Construction.*—All questions touching the operation, construction and effect of wills and instruments of writing, are for the determination of the court, and not for the jury.

2. IDEM—*Devise, parol proof.*—Party seeking to maintain a devise, must show it by the will itself, and no defects in the language used can be supplied by *parol* proof. *The true inquiry is,* not what the testator meant to express, but what *the words used do express.* If a subject be found which satisfies the disposition of the property as contained in the will, *parol* evidence canno⸵ be admitted to show that a different subject was meant.

3. IDEM—*Latent ambiguity.*—The only exception to the rule excluding *parol* testimony as to the intention of the testator is in cases of latent ambiguity.

4. IDEM—*Case at bar.*—Two devisees claim a lot in A, under same will, wherein there is no pretense of latent ambiguity. Nevertheless, *parol* evidence had been introduced to explain the supposed intention of testatrix; and plaintiff asked the court to instruct the jury:

> First. That if from the evidence they believed the testatrix intended to give the lot to plaintiff, they must find for plaintiff.
>
> Second. That in considering the intention, they are authorized to take into view the situation and circumstances of the testatrix as to the property, the possession and occupation of the plaintiff, and other intrinsic circumstances which may tend to explain the ambiguity, if any, which exists in the will.

Which the court refused; but on motion of defendants instructed the jury that, conceding all the *parol* testimony to be true, and giving it its full legal effect under the will of testatrix, the property was devised to defendants.

HELD:

> The instructions asked for by plaintiff were both erroneous. There was no error in giving the instruction asked for by the defendants.

Error to judgment of corporation court of Alexandria in action of ejectment brought by William H. Burke against Robert C. Lee and Mrs. A. M. Lee. Opinion of court fully states the facts of the case.

*W. Willoughby,* for the appellant.

*S. Ferguson Beach,* for the appellees.

STAPLES, J., delivered the opinion of the court.

An action of ejectment was brought in the corporation court of Alexandria by William H. Burke against Robert C. and Mrs. A. M. Lee for the recovery of a small lot of ground in that city. Both parties claimed title under the will of Mrs. A. M. Fitzhugh, and the sole inquiry was whether the property was embraced in the devise to the plaintiff or to the defendant. Upon the trial in the court below, the will and codicils thereto annexed, certain diagrams made by the testatrix in connection with the codicils, and explanatory thereof, and the plat and certificate of survey made in the progress of the cause, were laid before the jury. The court and jury also made a personal inspection of the grounds in controversy. The plaintiff then gave evidence tending to prove certain facts set forth in the bill of exceptions which need not be stated here. It related mainly to the condition of the property in controversy; the occupation and cultivation of a portion of it by the plaintiff as the gardener and tenant of the testatrix; the privileges she had extended repeatedly to him, as an employee and faithful servant—in whom she reposed implicit confidence.

After the testimony was concluded, the plaintiff asked the court to instruct the jury as follows:

" If the jury believe from the evidence that it was the

intention of the testatrix in making her will to devise to the plaintiff the property in question, the verdict should be for the plaintiff."

Which instruction the court refused to give, and to which refusal the plaintiff by his counsel then and there excepted.

The plaintiff then moved the court to give the jury the following instruction :

"The jury are authorized, in considering the question of intention, to take into view the situation and circumstances of the testatrix as to the property, the possession and occupation of the plaintiff, and other intrinsic circumstances which may tend to explain the ambiguity, if any, which exists in the said will."

To which the court refused, and the plaintiff again excepted.

The court then, on motion of counsel for the defendant, gave to the jury the following instruction, to-wit :

"The court instructs the jury that Mrs. A. M. Fitzhugh, by her will and the codicils thereto, conceding all the parol testimony adduced in this trial to be true, and allowing to it its full legal effect, devised to the defendants the property claimed in this controversy."

Before considering these instructions, it is proper to advert very briefly to some of the rules of law laid down for the guidance of the courts in controversies concerning wills. In the first place, all questions touching the operation, construction and effect of wills and other instruments of writing are for the determination of the court and not for the jury. *Herbert and Wife* v. *Wise and others*, 3 Call. 209 ; Broom's Legal Maxims, 103.

In the second place, a party seeking to maintain a devise must show it by the will itself, and no defects in the language used in the instrument can be supplied by parol proof. The true inquiry is, not what the testator meant to

express, but what the words he has used do express. Evidence is, however, always admissible for the purpose of showing the situation of the testator, the state of his family and of his property at the time of making his will, with a view of throwing light upon his intention in cases of doubt and difficulty.

And evidence may generally be received as to any facts known which may be reasonably supposed to have influenced him in the disposition of his property, and as to all the surrounding circumstances at the time of making his will.

If, however, there be found a subject which satisfies the disposition of the property as contained in the will, evidence cannot be received to show that the testator intended a greater or a different subject, or estate.     *Wootton* v. *Redd's Ex'or*, 12 Gratt. 196; Broom's Legal Maxims, 619.

The only exception to the rule excluding parol testimony of the intention of the testator is in cases of latent ambiguity, of which there is no pretence in the will of Mrs. Fitzhugh.

Let us, then, apply these rules to the instructions in hand.

The first is objectionable in referring the interpretation of the will to the jury, and leaving them to gather the intention of the testator from the evidence, oral as well as documentary.

The second instruction is also objectionable in telling the jury that in considering the question of intention they are authorized to take into view other intrinsic circumstances which might tend to explain the supposed ambiguity in the will. What these intrinsic circumstances were is not stated. And thus the jury were left not only to construe the will and to pass upon the question of ambiguity, but without restraint or limitation to infer the intention of the testator from any circumstances which they might suppose had any bearing on the subject.

The plaintiff's instructions were therefore very properly refused.

We come now to the defendants' instruction.

The objection to it, made by the plaintiff, is that it invaded the province of the jury, and was an explicit direction that they should find for the defendants.

As has been already stated, the will and codicils, with the two diagrams made by the testator, and the parol testimony offered by the plaintiff, were before the jury. The court said, that conceding all this parol testimony to be true, the defendants were still entitled to a verdict. In other words, the court, looking to the will, the codicils and diagrams, as explained by the plat and certificate of surveyor, was of opinion that the property was not embraced in the devise to the plaintiff.

In this we think the court was undoubtedly correct. It was not a case of latent ambiguity, in which the description is equally applicable to two objects, and therefore parol testimony is essential to remove the uncertainty.

The testatrix had plainly indicated, in the papers left by her, the property she intended for the plaintiff. There was not the slightest necessity for a resort to parol testimony to explain the nature and extent of the devise, except, as in every other case, to apply the description of the *locus in quo.* Under such circumstances, evidence dehors the will, the codicils and diagrams, which enlarged the subject of the devise, plainly tended to contradict and vary the written instrument, and were therefore inadmissible. The court might have excluded it or have instructed the jury to disregard it, or, as in the present case, tell them that, conceding the parol testimony to be all true, the plaintiff had no title to the property in controversy. Such instructions are frequently given without being considered any invasion of the province of the jury.

In *Pasley* v. *English*, 10 Gratt. 236, it was held that the

defendant was entitled to an instruction to the jury to disregard all the parol evidence introduced by the plaintiff to prove his right to the land in controversy not embraced within the boundaries of the deed under which he claimed.

In *Davis* v. *Miller*, 14 Gratt. pages 1–22, this court, commenting upon an instruction somewhat similar to the one in this case, said:

"The instruction was not as to the sufficiency of the evidence to prove the facts, but as to the sufficiency of the facts (if believed by the jury to be proved) to constitute a valid defence to the action. It was the province of the jury to decide as to the former, but of the court, if invoked for the purpose, to decide as to the latter."

Upon the authority of these cases and upon general principles, we think there is no error in the instruction given by the court, and that the verdict and judgment are plainly right and should be affirmed.

JUDGMENT AFFIRMED.