JAMES H. LOMAX *et al.*

*v.*

MARIA LOMAX *et al.*

*Opinion filed December 20, 1905.*

WILLS—*extrinsic evidence not admissible to correct an alleged mistake in describing land.* Extrinsic evidence is not admissible to show that the testator or scrivener, in describing a tract of land containing 55.87 acres as being in section "24" intended to say section "14," even though the evidence shows the testator owned no land in section 24 but did own one tract in section 14 containing 55.87 acres, and that there was no other tract of that exact area in the township.

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

JAMES MAHER, and LEE, LEE & SCHUCHARDT, for appellants.

VAIL & PAIN, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The original and amended bills in this case were filed by the appellants for the partition of certain lands in Cook county, Illinois. The interests of the parties are derived through the will of John A. Lomax, deceased, which bore date January 21, 1897, and was admitted to probate in the probate court of Cook county on June 9, 1899. At the time of his decease, the testator, John A. Lomax, was the owner of the south-west fractional quarter of section 14, township 40 north, range 12, east of the third principal meridian; but he was not, at the time of his death, the owner of, nor had he at any time been seized or possessed of the south-west fractional quarter of section 24, township 40 north, range 12 east, etc. The testator left a widow, named Maria Lomax,

and three sons, to-wit, James H. Lomax, George Lomax, and Robert D. Lomax. He owned a large amount of land, and, by the terms of his will, devised most of the pieces of land, owned by him, to his wife and his three sons, as tenants in common.

One of the paragraphs in his will was as follows: "I give, devise and bequeath unto my wife Maria Lomax, and my sons, James H. Lomax, George Lomax and Robert D. Lomax, as tenants in common, the following described parcels of land, situated in the town of Leyden, county of Cook, Illinois, namely, the south-west fractional quarter of section 24, T. 40 N. R. 12 E. of the 3d P. M., containing about 55.87 acres more or less."

The will also contained the following devise: "All the rest, residue and remainder of my estate, either real, personal or mixed, wheresoever situated and of whatsoever nature, I give, devise and bequeath unto my sons, James H. Lomax, George Lomax, and Robert D. Lomax, equally between them."

One of the provisions of the will was as follows: "The devises and bequests, which I have made in this my will to my wife, Maria Lomax, are to be taken by her in lieu of and in full satisfaction of all her dower rights in any of my property whatsoever, and in lieu of all rights to widow's award or other claims whatsoever against my estate; and the aforesaid devises and bequests in this will are given expressly upon said conditions and limitations."

The theory of the appellants, who filed the present bill, is that there was no devise whatever by the will of the south-west fractional quarter of section 14 above described, and that, therefore, the testator died intestate, so far as the south-west fractional quarter of section 14 was concerned. It is then contended that, inasmuch as the land in section 14 was not devised by the will, it passed under the residuary clause to the three sons, James H. Lomax, George Lomax, and Robert D. Lomax equally; and that the widow, Maria

Lomax, had no interest therein, inasmuch as, under the clause already quoted, she was given certain devises and bequests in full settlement of all her dower rights, etc., and did not at any time elect to renounce the benefit of the devises and provisions made for her in said will, nor transmit to the probate court any written renunciation of said devises and provisions, as required by law, in case such election should be made.

Since the filing of the original bill, a supplemental bill was filed, alleging that, after the filing of the bill, Robert D. Lomax sold and conveyed, by good and sufficient warranty deed, all his right, title and interest in the land, mentioned in the bill, to James H. Lomax, and that James H. Lomax is the legal owner of all the interest, which said Robert D. Lomax had in and to said parcels of land. This allegation of the supplemental bill is not denied.

The theory of the appellee, Maria Lomax, is that a mistake was made by the scrivener in drawing the will, and that he wrote the words, "section 24," by mistake for "section 14," so that the devise: "I give, devise and bequeath unto my wife, Maria Lomax, and my sons, James H. Lomax, George Lomax, and Robert D. Lomax, as tenants in common, the following described parcels of land, situated in the town of Leyden, county of Cook, Illinois, namely, the southwest fractional quarter of section 24," etc., should have been "the south-west fractional quarter of section 14." It is true that the testator owned no land at all in section 24 in township 40, but did own land in section 14 in township 40. The appellee, Maria Lomax, therefore, claims that she was entitled by the will to an undivided one-fourth part of the said land in section 14, while the appellants claim that, as section 14 was intestate property and passed under the residuary clause to them, they, James H. Lomax, George Lomax, and Robert D. Lomax, became the owners in fee as tenants in common each of an undivided one-third of the premises. The case was referred to a master in chancery, who found

in accordance with the contention of appellants, that is to say, that, when the will was made, the testator was seized and possessed in fee of the south-west fractional quarter of section 14, etc.; that the will contains no specific devise of said south-west fractional quarter of section 14, which was the property of the testator when he died; that said south-west fractional quarter of section 14 on the death of the testator became vested in fee simple in the three sons above named, as tenants in common, under the residuary clause of the will; that the widow, Maria Lomax, has not elected to renounce, etc., and has no interest in said south-west fractional quarter of said section 14; that, by virtue of the deed executed by Robert D. Lomax to James H. Lomax, the south-west fractional quarter of section 14, as above described, which passed under the residuary clause to the three sons above named, is now owned in fee, an undivided two-thirds thereof, by James H. Lomax, and an undivided one-third thereof by George Lomax.

A re-reference was made to the master to take proof upon the subject only as to whether there is any south-west fractional quarter of land in the township of Leyden, Cook county, Illinois, containing approximately 55.87 acres, other than the south-west fractional quarter of section 14 in said town of Leyden; and the master found that said south-west fractional quarter of section 14 contains 55.87 acres, and that there is no other fractional quarter section of land in said township, containing approximately 55.87 acres.

The court entered a decree, confirming the master's report, except as to his finding that the south-west fractional quarter of section 14 passed under the residuary clause of the will to James H., George and Robert D. Lomax, and that James H. Lomax owned an undivided two-thirds, and George Lomax an undivided one-third thereof. But the court, after finding a conveyance and sale by Robert D. Lomax of his interest to James H. Lomax, found that partition and division ought to be made of the same between

James H. Lomax, George Lomax, and Maria Lomax, one-half thereof to James, one-fourth to George, and one-fourth thereof to Maria Lomax. The present appeal is prosecuted from the decree, so rendered.

In order to sustain the decree, entered by the court below, it will be necessary to hold that the testator made a mistake, and devised land in section 24, instead of land in section 14, and that, as he owned no land in section 24 and made no devise of land in section 14, the land in section 14 passed as intestate estate under the residuary clause to the three sons, and the widow took no interest thereon. But if this court can hold that the testator or the scrivener, who drew his will, made a mistake in writing section 24, instead of section 14, then the land in section 14 passed equally to the widow and the three sons together, so that her interest would be an undivided one-fourth.

We are unable to see why this case does not come within the doctrine, announced in *Kurtz* v. *Hibner,* 55 Ill. 514, and re-indorsed in *Bingel* v. *Volz,* 142 Ill. 214, *Williams* v. *Williams,* 189 id. 500, and *Vestal* v. *Garrett,* 197 id. 398.

In *Kurtz* v. *Hibner, supra,* a testator devised a "tract of land situate in the town of Joliet, Will county, Illinois, and described as follows: the west half of the south-west quarter, section 32, township 35, range 10, containing eighty acres, more or less," and "all that part or parcel of land described as the south half of the east half of the south quarter, section 31, in township 35, range 10, containing forty acres, more or less;" and it was held that parol evidence was not admissible for the purpose of showing, that the testator intended to devise land in different sections from those mentioned in the will, and that the draughtsman of the will, by mistake, inserted the wrong numbers. In that case, proof was offered that the testator, at the time of his death, owned but one eighty-acre tract, which was in section 33, instead of section 32. Evidence was also offered that the testator by mistake, inserted the word "one" after the word "thirty,"

instead of the word "two," thus devising land in section 31, instead of section 32. This evidence was excluded, and the court, in sustaining the ruling, said (p. 519) : "The law requires that all wills of lands shall be in writing, and extrinsic evidence is never admissible, to alter, detract from, or add to, the terms of a will. To permit evidence, the effect of which would be to take from a will plain and unambiguous language, and insert other language in lieu thereof, would violate the foregoing well established rule. For the purpose of determining the object of a testator's bounty, or the subject of disposition, parol evidence may be received, to enable the court to identify the person or thing intended. In this regard, the evidence offered afforded no aid to the court. The devise is certain both as to the object and subject. There are no two objects,—no two subjects."

So, in the case at bar, parol evidence cannot be introduced for the purpose of showing that a mistake was made by writing "section 24" in the will, instead of "section 14." It is well settled that equity will not entertain a bill to reform a will under the guise of an attempt to construe the will. The terms of the devise here are on their face clear and unambiguous, being a devise of land in section 24. The language describes a tract of land, and one which is capable of being readily identified; and if the testator had owned it, it would have passed by the terms of the will. In some cases, it has been held that a latent ambiguity arises when extrinsic evidence is applied to such a devise as this, and that such evidence may be resorted to for the purpose of explaining the ambiguity, and showing what land the testator intended to devise. It should always be the object of the court to arrive, if possible, at the intention of the testator, but "the intention to be sought for is not that which existed in the mind of the testator, but that which is expressed by the language of the will. While, in attempting to construe a will, reference may be made to surrounding circumstances, for the purpose of determining the objects of the testator's

bounty, or the subject of disposition, and with that view to place the court, so far as possible, where it may interpret the language used from the standpoint of the testator at the time he employed it, still the rule is inflexible, that surrounding circumstances cannot be resorted to for the purpose of importing into the will any intention which is not there expressed." (*Bingel* v. *Volz, supra*). As will be seen by reference to the cases above mentioned, and also to the cases of *Decker* v. *Decker,* 121 Ill. 341, and *Huffman* v. *Young,* 170 id. 290, this is not a case, where so much of the description as is false may be stricken out, so as to leave enough in the will, interpreted in the light of surrounding circumstances at the time it was made, to identify the premises devised. *Williams* v. *Williams, supra.*

It was said in *Bingel* v. *Volz, supra,* as follows (p. 225) : "Doubtless if there were repugnant elements in the description employed in the devise in question, and if the description, after rejecting a repugnant element, were complete in itself, so as to accurately and sufficiently describe the land intended to be described, that rule of construction might be adopted. But we are unable to see, and the ingenuity of counsel has been unable to point out, any way in which that rule of construction can be applied, so as to work out the result sought to be attained. * * * If it be admitted that there are repugnant elements in this description, it is impossible to see what repugnant element can be rejected, so as to leave a description which will apply to the land which the appellant claims."

In the case at bar, if we reject the words, "section 24" or the figures "24," nothing remains to indicate in what section the land in question lies. The correction of the description, by the insertion of "14" in the place of "24," requires not only that the figures "24" should be stricken out, but that the figures "14" should be inserted. As was said in *Bingel* v. *Volz, supra,* this "involves more than construction; it requires reformation, and in this State at least, courts of

equity have persistently refused to entertain bills to reform wills."

For the reasons above stated, we are of the opinion that the decree of the court below is erroneous; and accordingly it is reversed, and the cause is remanded to the circuit court for further proceedings in accordance with the views herein expressed.    *Reversed and remanded.*