## MALING et al. v. MALING et al.

### (District Court, D. Oregon. October 5, 1914.)

### No. 6345.

1. COURTS (§ 505\*)—JURISDICTION OF FEDERAL COURTS—SUITS BY LEGATEE OR DISTRIBUTEE.

A federal court may entertain jurisdiction of a suit by a distributee, who is a citizen of another state, to establish his right to a share in the estate of a deceased person, although the estate is still pending for settlement in probate, and may enforce its adjudication against the administrator or his sureties personally, or in any other way which does not disturb the possession of the property by the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1410; Dec. Dig. § 505.\*]

2. WILLS (§ 435\*)—CONSTRUCTION—GENERAL RULES—INTENTION OF TESTATOR.

It is a cardinal principle in the construction of wills that the actual personal intention of the testator, and not merely the presumptive intention, to be inferred from the use of set phrases or familiar forms of words, must be ascertained, and in case of ambiguity the situation of the testator and the circumstances surrounding him at the time the will was executed may be considered, although parol or extrinsic evidence is not admissible to add to, vary, or contradict its terms.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 946; Dec. Dig. § 435.\*]

3. WILLS (§ 728\*)—CONSTRUCTION—SHARES OF DEVISEES—RENTS AND INCOME.

In the absence of clear directions to the contrary in the will, the beneficiaries have the same interest in the income, rents, and profits of the property given to them as they have in the property itself.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1759–1780; Dec. Dig. § 728.\*]

4. WILLS (§ 728\*)—CONSTRUCTION—SHARES OF BENEFICIARIES—RENTS AND PROFITS.

A testator by his will devised one-half of his property to his wife and one-half to a nephew and nieces, who were to have their shares as soon as available without undue expense or delay. The executors were authorized to sell any of the property whenever they thought it advantageous to the estate. By a codicil it was directed that the dividing of the property should not take place until the death of the wife, whose share should go to her heirs as she might direct by will. *Held* that, while the

division of the principal of the estate was so postponed, the rents and profits were to be divided, as they accrued, between the widow and the nephew and nieces.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1759–1780; Dec. Dig. § 728.*]

In Equity. Suit by Frederick Maling, Mary Maling, and Annie Maling against Mrs. Annie Maling, individually and as executrix of the last will of Charles Cooper Maling, deceased. Decree for complainants.

On March 20, 1897, Charles C. Maling made his will, whereby, by the first clause, he bequeathed and devised to his wife, Annie Maling, an undivided half interest in all personal property and real estate of which he should die possessed, and the residue of all personal property and real estate he bequeathed and devised to his nephew, Frederick Maling, and nieces, Mary Maling and Annie Maling, share and share alike, they to have the same, or proceeds of the same, as soon as available, without undue expense or delay. By the second clause he directed and authorized his executrix or executors, as the case might be, to sell at any time any or all of his estate when in their judgment such sale would be advantageous to the final settlement thereof, without any order of any court, and at either public or private sale. By the third clause the testator nominated his wife, Annie Maling, his sole executrix, without bonds, but further provided that, should she fail for any cause to discharge the trust, he nominated her brother, John Dee, and Marion R. Elliott to act in her stead. Subsequently, on July 31, 1902, Maling made and published a codicil to his will, in language following:

"I hereby ratify and confirm said will and testament in every respect, save so far as any part of it is consistent with this codicil.

"The second paragraph of my aforesaid last will and testament is hereby amended in so far as the division of my property during the life of my wife, Annie Maling, and I direct that the dividing of said property shall not take place until the death of my wife, Annie Maling; then the share and interest of my said wife, Annie Maling, in my property shall be given to her heirs as she shall by will direct.

"That my wife's brother, John Dee, having died, I nominate and appoint George Dee to have full power to act in his stead and place as executor of my said last will and testament and this codicil.

"And I further direct that if Lena Hurley remains in our service during the life of myself and wife and until the decease of the last survivor of us two she is to have the sum of two thousand dollars."

Maling having died September 15, 1902, his wife, Annie Maling, was appointed by the probate court of Crook county executrix of his last will and testament; both the will and codicil having been duly admitted to probate. On March 2, 1903, the executrix petitioned the court that the estate be closed, whereupon the court ordered and decreed that said estate and the further probate of the will "be and the same is hereby discontinued and closed, in so far as the necessity of making any inventory and appraisement, or any other and all reports and accounts as required by law, until such time as any person or heir interested in said estate shall petition or demand the same."

Since that date no further action has been taken by the executrix in the probate court. The nephew and nieces of Maling now bring this suit against Mrs. Annie Maling, in her individual capacity and as executrix, for an accounting, claiming that they are entitled to one-half of the rents, issues, and profits arising from the estate since the date of testator's decease.

Carey & Kerr and Charles A. Hart, all of Portland, Or., for plaintiffs.

W. A. Bell, of The Dalles, Or., and W. Y. Masters, of Portland, Or., for defendants.

WOLVERTON, District Judge (after stating the facts as above). [1] Whether the order and decree of the probate court, made March 2, 1903, were legally effective to close and settle the estate, it is unnecessary to determine, for it is clear that a federal court has jurisdiction of the subject-matter of the controversy, even if it be true that the estate has not been fully closed in probate. The federal court may entertain jurisdiction of a suit by a distributee, he being a citizen of another state, to establish his right to a share in the estate of a deceased person, although the estate is still pending for settlement in probate, and may enforce its adjudication against the administrator personally, or his sureties, or against any other party subject to liability, or in any other way which does not disturb the possession of the property by the state court. Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Borer v. Chapman, 119 U. S. 587, 7 Sup. Ct. 342, 30 L. Ed. 532; Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80.

The question whether plaintiffs are entitled to the rents and profits at the present time depends upon a proper construction of the will and codicil. These instruments must be construed together, as they constitute in legal effect but one paper.

The first clause of the will is perfectly clear. It is a bequest of an undivided one-half of the testator's property to his wife and the remaining undivided one-half to his nephew and nieces, the latter to have their share or the proceeds thereof as soon as available, without undue expense or delay. The title to the property under this clause would have passed to the legatees and devisees immediately upon the decease of the testator.

The second clause simply authorized the executrix to sell any part of the estate when deemed advantageous to final settlement, without the necessity of obtaining an order of court, and was the delegation of a power without affecting the passing of the title to the property of the testator. The codicil by its language purports to amend the second paragraph of the will, and that in so far as it concerns the division of the property during the life of Annie Maling, the widow of deceased. "I direct," so reads the codicil, "that the dividing of said property shall not take place until the death of my wife, Annie Maling; then the share and interest of my said wife, Annie Maling, in my property shall be given to her heirs as she shall by will direct."

By the first clause of the will the testator evidently designed that the nephew and nieces should come into their part of the estate in due course of a speedy settlement of the estate in probate, for he nominated executors to carry out the provisions of the will, and one effect of the codicil was to postpone the time when they should come into their estate until the date of the death of Mrs. Maling. It did not change the effect of the first clause of the will in passing the title to the estate at the death of the testator to the legatees and devisees in the proportions specified.

In this view of the testator's purpose, what was to become of the rents, issues, and profits in the meantime? There is no provision of the will entitling Mrs. Maling to the whole thereof. Nor is there any

specific provision that she or the nephew and nieces shall have any part of the same prior to a division of the property at the death of Mrs. Maling. I cannot conceive that it was the purpose of the testator to deprive his widow of a subsistence out of his estate during the time he directed that the property should remain undivided, and the only means of subsistence she could have was from the rents and profits of her share of the estate. Nor is there any expression, either in the will or codicil, on the part of the testator, that the rents, issues, and profits shall be impounded to await the decease of the widow, and then be divided with the estate. With these premises, we have the alternatives whether the testator impounded the estate only which existed at the date of his decease, to abide the death of his widow, or the estate, including the rents, issues, and profits which should accumulate after his death, the whole to be then divided.

[2] It is a cardinal principle of construction of wills and codicils that the intention of the testator must be ascertained, if possible, and given effect—that is, his actual, personal, individual intention, and not a mere presumptive intention, inferred from the use of set phrases or familiar forms of words; and for this purpose the will should be construed liberally. It is also true that the intention which controls in the construction of a will is that which is manifest, either expressly or by necessary implication, from the language of the will as viewed, in case of ambiguity, in the light of the situation of the testator and the circumstances surrounding him at the time it was executed. 40 Cyc. 1386–1389; Couch v. Eastham, 29 W. Va. 784, 3 S. E. 23; Burke v. Lee, 76 Va. 386.

[3] But parol or extrinsic evidence is not admissible to add to, vary, or contradict the terms of the will. 40 Cyc. 1427. And, again:

"In the absence of a clear direction to the contrary, in the will, the beneficiaries have the same interest in the income, rents, and profits of the property given to them as they have in the property itself." 40 Cyc. 1487.

[4] The evidence shows that the testator and his wife had no children, and that the accumulation of the property was the fruit of the joint efforts of both during their lifetime, and, according to the testimony of Mrs. Maling, they considered themselves equal partners in the accumulations. What are we to infer from this? If partners, on the death of one the partnership would be dissolved, and each would be entitled to one-half of the estate. Now, the provision of the codicil has postponed the division until the decease of the widow; the nephew and nieces taking the position of the testator. The profits of a copartnership are usually divided between the partners, and may we not reasonably assume, and is it not a necessary implication of the will and codicil, that it was the intention of the testator that the profits should continue to be divided as previously, as they accumulated? I am impressed that such was the real purpose and intention of the testator, he deeming that the estate kept intact as a whole would produce a larger income than if divided; and therefore that his widow, as well as the nephew and nieces, would receive a greater benefit therefrom during the life of the former. I cannot agree, therefore, with the contention of counsel for Mrs. Maling that the testator in-

tended "to give his wife the full use of this property during her lifetime."

The fact that the widow happens to be the executrix or trustee can make no difference in the construction of the will. The construction would be the same if either of the other persons nominated as executors had been appointed. In such case it would have been his duty to divide the income between the widow and the other legatees in proportion as the estate was devised to them. In ascertaining the rents, issues, and profits, the executrix should be credited with the debts of the estate, if she has paid them, and the costs of administration, and with reasonable compensation for her services in managing and conducting the property as trustee.

The decree will be for plaintiffs in accordance with this opinion, the costs to be paid out of the income of the estate.