## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### EWELL V. BROCK.

#### March 15, 1917.

1. INTERPRETATION AND CONSTRUCTION—*Questions of Law and Fact.*—It is the duty of the court to construe written instruments, when the writing is complete in itself and the subject matter of it is certain or the facts are ascertained.

2. WILLS—*Construction—Subject of Devise—Questions of Law and Fact.*—A testator in his will devised to his daughter "the farm on which I now reside." The residence of the testator was on a farm which he had acquired about thirty-five years before his death, known as Morris Neck, containing about sixty acres. About fourteen years prior to his death he purchased an adjoining farm, known as the Cooper tract, containing about thirty acres. The question before the court below was whether the Cooper tract passed under the above devise. This was clearly a case of latent ambiguity, the language in question containing a description which was equally applicable to two objects, namely, the farm consisting of the Morris Neck tract alone or the farm consisting of the two tracts. Parol evidence was essential to remove this uncertainty, and the question of identity of the subject-matter of the devise was a question of fact for the jury and not for the court.

3 APPEAL AND ERROR—*Petition for Writ of Error as a Pleading.*—A petition for a writ of error is a pleading, and must conform to the rules of pleading with respect to certainty and distinctness of allegation of errors relied on for reversal, otherwise they will not, as a rule, be considered.

Error to a judgment of the Circuit Court of Princess Anne county, in an action of ejectment. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Thos. W. Shelton,* for the plaintiff in error.

*R. R. Hicks* and *Peechie E. Brock,* for the defendant in error.

SIMS, J., delivered the opinion of the court.

There was a verdict of a jury and judgment for the defendant in error, plaintiff in the court below, against the plaintiff in error, defendant in the court below.

The question upon the merits of the case is the identity of the land devised by the following clause of the will of John T. Batten, namely:

"I give, devise and bequeath unto my daughter, Lena Batten, the farm on which I now reside  *  *  *"

At the date of his will and death, the testator owned land which he had acquired at different times in separate tracts or parcels, which lay contiguous to each other. The residence of the testator was on the farm which he acquired about thirty-five years before his death, known as Morris Neck, containing about 60 acres. About fourteen years prior to his death he purchased an adjoining farm, containing about 30 acres, known as the Cooper tract or Cooper farm. The latter is the land involved in the action of ejectment before us.

The question before the court below was whether the Morris Neck farm alone was devised by the will of said testator to Lena Batten, or both the Morris Neck and Cooper farms. The plaintiff in error claims that both farms were devised to her by the will, and that the court should have instructed the jury, by a peremptory instruction, that such was the true construction and effect of the language of the will above quoted. Instructions Nos. 5 and 6 asked for by the plaintiff in error and refused by the court embodied this proposition. These instructions were as follows:

"(b). The court further instructs the jury that the will of John T. Batten offered in evidence, vested in his daughter, Lena Batten, a fee simple title in the Cooper tract in the declaration described and she had the right to convey like good title to J. L. Ewell, the defendant in this case. If, therefore, you believe from the evidence that Lena Batten conveyed the property to said J. L. Ewell and that he still holds title to the same, then you shall find for the defendant. And the court further instructs you that the deed of bargain and sale from Lena Batten to J. L. Ewell, exhibited in evidence, is a good and sufficient deed."

"(6). The court instructs the jury that John T. Batten, by his will, conceding all parol testimony adduced in this trial to be true and allowing to it its full legal effect, devised to his daughter, Lena Batten, the property claimed in this controversy and that she has conveyed the same to J. L. Ewell, the defendant, by a good and legal deed."

Counsel for plaintiff in error bases his contention that these instructions should have been given, and that thus the court should have decided the question of the identity of the land and should have taken it from the jury, upon the authority of *Burke* v. *Lee,* 76 Va. 386, 388. That is a leading case in Virginia on the subject of the duty of the court to construe written instruments. It has been long settled that such is the duty of the court when the writing is complete in itself and the subject matter of it is certain, or the facts are ascertained.

In the case of *Burke* v. *Lee,* as the court there stated, the property involved fitted the description in the will. There was no uncertainty as to the identity of the property described in the devise, there was no uncertainty in applying the language of the devise to the property—the description to the *locus in quo.* The court said of that case as it was presented to the court below: "It was not a case of latent ambiguity in which the description is equally applicable to

two objects, and therefore parol evidence is essential to remove the uncertainty."

The case before us is clearly a case of latent ambiguity. The language in question contains a description which is equally applicable to two objects, namely, the farm consisting of the Morris Neck tract alone, or a farm consisting of the two tracts, the Morris Neck and Cooper tracts. Parol evidence was essential to remove this uncertainty. Certainly the plaintiff in error could have had no standing in court to claim that the Cooper tract passed to Lena Batten by the devise without the aid of parol testimony. This question of identity of the subject matter of the devise was a question of fact for the jury and not for the court.

There was considerable parol evidence properly admitted by the trial court, bearing on the surrounding circumstances existing when the will was executed, the situation of the land and where the testator then resided. See 7 Ency. Dig. Va. & W. Va. Rep. 858-9 for authorities too numerous to cite here. This evidence need not be referred to by us in detail since no question is raised before us as to lack of such evidence to sustain the verdict of the jury or as to such verdict being against the evidence, but only that the court and not the jury should have decided the question of fact as to what land met the terms of the description in the will.

It is clear that the case of *Burke* v. *Lee, supra,* does not sustain the position of cousnel for appellant on this sujbect, but the contrary.

In the case before us the court below did not decide the question of fact as to the identity of the land described in the devise, but submitted that question to the jury, under the following instruction, namely:

"(1) The court instructs the jury that the will of John T. Batten devised to his daughter, Lena Batten, the farm on which he resided at the date of the will; and the jury

are instructed that if they believe from the evidence that
the property described in the declaration was not a part of
the place on which said John T. Batten resided at the date
of his will, then they must find for the plaintiff, but if the
jury believe from the evidence that the property described
in the declaration was a part of the place on which John T.
Batten resided at the date of his will, then they must find
for the defendant."

This action of the trial court is assigned before us as
error. The ground of such assignment is the same as that
above noted, urged in support of instructions Nos. 5 and 6
asked for by plaintiff in error. For the reasons above
stated, we think the position on which this assignment is
based is not well taken.

A number of bills of exceptions were taken by plaintiff
in error, involving various questions, but we do not under-
stand that the points thus saved are assigned in the peti-
tion as errors relied on for reversal. They were not clearly
so stated in the petition, or in the reply brief of counsel for
plaintiff in error, or in oral argument by him. The action
of the trial judge upon one single question only, namely,
that considered and passed upon by us above, seems to be
assigned and relied on as error for reversal. The following
is the statement of the petition on the subject:

"THE NARROW QUESTION INVOLVED IS ONE FOR THE JUDGE
AND NOT THE JURY.

"The sole and simple question in this case, therefore, is
whether the Cooper field was considered as, and intended
to be, by John T. Batten, a part of the farm on which he
resided when he wrote his will. It is on all fours with the
case of *Burk* v. *Lee* (76 Va. 386), and the trial court should
have followed Judge Staples' views on both the procedure
and the law, which he refused to do."

It is true certain other rulings and actions of the court below are subsequently referred to in the petition as errors, but they are not set out as errors relied upon to reverse the judgment with that clearness and distinctness required in a petition for a writ of error. Such a petition is a pleading and must conform to the rules of pleading with respect to certainty and distinctness of allegation of errors relied on for reversal, otherwise they will not, as a rule, be considered. *Sutherland* v. *Wampler,* 119 Va. 800, 89 S. E. 875; *Orr* v. *Pennington,* 93 Va. 268, 24 S. E. 928; *Haupe* v. *Bumgartner,* 103 Va. 91, 48 S. E. 554; Code of Va., sec. 3464. Hence we do not deem it necessary to consider the other matters referred to in the several bills of exception and in the petition.

Counsel for defendant in error raises some questions in his reply brief as to the bill of exceptions which purports to contain all the evidence being properly in the record, but as our opinion upon the merits of the case is in favor of the defendant in error, we do not consider it necessary to consider such questions.

Hence, for the reasons given above, the judgment complained of will be affirmed.

*Affirmed.*