JOHN S. BRUCE, executor of the last will and testament of George Alexander Bruce, deceased,

*v.*

GEORGE H. BRUCE et al.

[Submitted April 18th, 1918. Decided June 11th, 1918.]

1. Where it is apparent that there exists a patent ambiguity, in that no beneficiary is named in the residuary clause in a will, parol evidence is inadmissible to supply the omission.

2. A will must be considered in its entirety to determine if possible who was intended as beneficiary in a residuary clause in which no beneficiary was named.

3. In construing a will, the court may not indulge in mere speculation as to who was intended as the beneficiary in a residuary clause.

4. Where a residuary clause in a will failed to name a beneficiary, and it can neither be construed with other parts of the will nor determined from the construction of the whole will who was intended to be such beneficiary, such paragraph or clause must be held void.

On bill, &c.

*Mr. William G. Hille* and *Mr. J. Emil Walscheid,* for the complainant.

*Mr. John W. Warnke* and *Mr. Gilbert Collins,* for the defendants.

GRIFFIN, V. C.

The bill in this cause is filed for the construction of the will of George Alexander Bruce, deceased. The paragraphs requiring construction are the sixteenth and seventeenth, which are as follows:

"Sixteenth: I give devise and bequeath to my son John S. Bruce the land and real estate situate corner of Whitford Avenue and Brookfield Avenue in Nutley Park known as 256 Whitford Avenue Nutley, New Jersey, consisting of a plot of land one hundred and five feet on Whitford Avenue and one hundred and fifty feet on Brookfield Avenue with the building thereon.

"Seventeenth: All of the rest residue and remainder of my estate real and personal whatsoever and wheresoever balance of money in bank after paying the several amounts that I have devised and bequeathed to other members of the family, all mortgages held be me, real estate, seven shares of the Trust company of New Jersey, my diamond stud, diamond finger ring and mounted tiger claws also any debt due me to have and to hold the same to him his heirs executors, administrators and assigns."

In the course of trial evidence was offered of the declarations of the testator and of his relations, environment and estate, to aid in ascertaining his intentions. While I seriously doubted the legality of such testimony, it was admitted in evidence over objection with a view that it could be passed upon later. Finding that the seventeenth paragraph is independent of the sixteenth, it is apparent that there exists a patent ambiguity, in that no beneficiary is named. In such cases parol evidence is inadmis-

sible to supply the omission. *Griscom* v. *Evens, 40 N. J. Law 402; affirmed, 42 N. J. Law 579; Hand* v. *Hoffman, 8 N. J. Law 71; Nevius* v. *Martin, 30 N. J. Law 465; Den, ex dem. Cubberly,* v. *Cubberly, 12 N. J. Law 308; Cleveland* v. *Havens, 13 N. J. Eq. 101; Hunt* v. *Hort, 3 Bro. C. C. 312; 29 Eng. Reprint 554; Lomax* v. *Lomax, 218 Ill. 629; 75 N. E. Rep. 1076* (and see valuable note to this case in *6 L. R. A. (N. S.) 942*); *Karsten* v. *Karsten, 254 Ill. 480; 98 N. E. Rep. 947.*

The evidence objected to must therefore be rejected, and the will construed in its entirety as written.

In reaching this conclusion I have not overlooked cases of the type of *Van Nostrand* v. *Reformed Church of America, 59 N. J. Eq. 19,* where the ambiguity did not appear on the face of the will but arose on testimony indicating that there were several answering the description of the named beneficiary, thus creating a latent ambiguity, to clear which parol evidence was admitted to discover which one the testator intended.

The frame of the will indicates a general plan of the testator to deal first with the real estate, and later with the personalty, and with his children according to their age. Thus, in paragraphs 2 to 6 he devises lands to his older son George and children, and in the seventh paragraph he devises to his son John. In paragraphs 8 to 15 he disposes of his personalty and makes provision for the care of his cemetery lot. By paragraph 16 he departs from his original plan, and devises lands to his son John S. Bruce. Whether this results from mistake in not inserting the devise after the seventh clause, or his having overlooked his ownership of the lands devised, is matter of mere speculation which I am not permitted to indulge in; however, the fact that after making the earlier devises on the general plan above outlined, he then, by the sixteenth paragraph devised lands to John, and in the seventeenth or residuary clause named no beneficiary, furnishes the ground upon which John now says that the sixteenth and seventeenth paragraphs should be read together—claiming that if so read there is no ambiguity, but a clear devise and bequest to John of the property in the seventeenth paragraph. The question therefore arises, should both paragraphs be regarded as one?

An examination of the will shows that in every paragraph prior to the seventeenth, containing a devise or bequest, a beneficiary is named, and where there is a bequest over in the event of the death of the first-named legatee he divides what is properly a single paragraph into two parts, as in paragraphs 9 and 10, making the gift to the wife of George H. Bruce the ninth and the gift over in the event of her death to the daughter, the tenth paragraph—which latter paragraph begins with a small letter.

These paragraphs 9 and 10 suggest two ideas—one, that the testator intended that each devise or bequest should be contained in a numbered paragraph, and be independent of every other, unless reference was made thereto and that he numbered the paragraphs after he had completed the writing.

Coming to a consideration of paragraphs 16 and 17, paragraph 16 does not differ in language from previous paragraphs. Unlike paragraph 9, however, it terminates in the middle of a line; and paragraph 17 commences at the beginning of the next line, the first letter of the first word being a capital. The whole clause, if it named a beneficiary, would be in approved form for disposing of the residuary estate. There is nothing in the frame or context of the will which shows an intent on the part of the testator that the beneficiary named in the sixteenth paragraph should take under the seventeenth.

I have not overlooked the point made by counsel as to the bequest of the Shriner's emblem, but this cannot be considered sufficient to supply the missing name of the intended beneficiary. If the ambiguity were latent it might be considered like parol evidence to aid in establishing the identity of a named beneficiary. But even if considered, its greatest possible evidential efficacy would not demonstrate that paragraphs 16 and 17 were intended as one, when it is considered that John had a Shriner's emblem, and other of the devisees, while not Shriners, were Masons; and testator might readily suppose that they might become Shriners with authority to wear the emblem.

A decree will be advised that the seventeenth paragraph is void, and that testator died intestate as to the residue.