# Wytheville.

## SAMUEL H. PARSONS, ADMINISTRATOR, ETC. *v.* THOMAS M. FITCHETT, ETC.

### June 16, 1927.

1. WILLS—*Parol Evidence—General Rule.*—Parol evidence is not admissible to alter, detract from or add to the provisions of a will.

2. PAROL EVIDENCE—*Wills—To Show the Location of the Land Devised— Case at Bar.*—In the instant case, testator, by the third clause in his will, bequeathed to his niece the tenement house and "twelve (12) acres of land adjoining, situated in the south eastern part of the main field." By a codicil, testator declared that instead of giving my said niece the tenement and twelve acres of land, "I do hereby give to her, my said niece, the tenement and twenty (20) acres of land adjoining." The Chancellor refused to permit the taking of evidence to show the location of the twenty-acre tract of land devised to the niece. There was no answer in either the codicil or the will to the question "Where is the main house field?"

   *Held:* That it was impossible without the aid of extrinsic evidence to determine the location of the land in question and that the chancellor erred in refusing to permit the taking of evidence to show the location of the tract.

3. WILLS—*Presumption Against Intestacy—Case at Bar.*—Courts do not look with favor upon intestacy. Thus, in the instant case, where a codicil did not locate the land devised, unless extrinsic evidence was permissible to avoid intestacy, extrinsic evidence should have been received.

4. WILLS—*Parol Evidence—Surrounding Circumstances—Identifying Property Devised—Intention of Testator.*—Parol evidence is admissible, under well recognized limitations, to show the surrounding circumstances attending the execution of a will and to identify the property devised. Although the meaning of the testator must be determined by the language he uses, parol evidence of his surrounding circumstances is always admissible in order to apprise the court as nearly as may be of his situation and viewpoint with reference to the persons and things dealt with in the will, and thus aid in determining his true intent.

5. WILLS—*Parol Evidence—Latent Ambiguity—View—Case at Bar.*—In the instant case, a proceeding to construe a will, where the location of the land devised was in question, the fact that the court called to its aid a view of the premises was of itself sufficient evidence that a latent ambiguity did exist in the will. This action of the court was a "taking of evidence" of the most potent character and the appellants should have been afforded an opportunity to produce evidence in support of their contention as to the location of the land.

Appeal from a decree of the Circuit Court of Northampton county. Decree for defendants. Complainants appeal.

*Reversed.*

The opinion states the case.

*Topping & Topping* and *J. Brooks Mapp*, for the appellants.

*Mears & Mears*, for the appellees.

CAMPBELL, J., delivered the opinion of the court.

This is an appeal from a final decree construing the will and codicil thereto of Samuel H. Parsons, deceased. The will was executed on the 26th day of May, 1888, and is as follows:

"In the name of God, Amen.

"I, Samuel H. Parsons of the county of Northampton & State of Virginia, being of sound and disposing mind, do hereby make this my last will and testament.

"1st—I request that all of my debts and expenses attending my burial shall be paid as soon as possible.

"2nd—I give to my beloved wife, Lucie A. Parsons (forever) all of my personal property of every description, including money or bonds that may be in my possession at the time of my death.

"3rd—I give and bequeath to my niece Sally E. Parsons (forever), the tenement house and twelve (12) acres of land adjoining, situated in the south eastern part of the main field (6) six acres to be in wood land and (6) six acres cleared land.

"4th—I give to my wife, Lucie A. Parsons my main farm, during her natural life and should she not have a lawful heir, from our bodies, then I give (½) one-half of said main farm with all the buildings to John R. Parsons (son of Julius F. Parsons (forever), and earnestly request him never to sell it.

"5th—The remaining one-half (½) of said farm which is located in the south field and extending to the fence, which divides the two fields, I wish to be sold and the proceed arising from such sale I wish to be equally divided between the heirs of John G. Parsons and Elkana Fitchett (that is to say equally between each heir)."

On the 22nd day of August, 1898, Samuel H. Parsons added a codicil to his will, which reads thus:

"I, Samuel H. Parsons, do make this codicil to my will above, dated the 26th day of May, A. D. 1888, as follows: I have given to my niece Sally E. Parsons, the tenement and twelve acres of land, forever, and instead of giving my said niece the tenement and twelve acres of land, I do hereby give to her, my said niece, the tenement and twenty (20) acres of land adjoining in fee simple and forever."

Some time during the month of November, 1898, the testator departed this life and shortly thereafter his will was admitted to probate. At the date of the death of the testator, Sally E. Parsons, the devisee under the codicil, was living in the home of the testator. She continued to live with the widow, Lucy A. Parsons, until August 28, 1921, when she departed this life,

testate. By the terms of her will, one-half of twenty acres of land was devised to G. C. Belote, and the other half was devised to J. F. Parsons and the "heirs" of Mary V. Belote.

Immediately after the death of the testator Sallie E. Parsons took possession of the tenement house referred to in the third paragraph of the will, along with twenty acres of land adjoining same.

Lucy A. Parsons, the life tenant, having departed this life on the —— day of August, 1924, J. Russell Parsons qualified as administrator *cum testamento annexo* of Samuel Parsons, deceased. The will, by the fifth clause thereof, directing a sale of one-half of the land, the proceeds thereof to be equally divided between the heirs of John G. Parsons and Elkana Fitchett, and the administrator being in doubt as to who were the heirs entitled to the proceeds of sale, instituted this suit for the purpose of having the court to construe the will and to determine the rights and interest of the heirs in the property devised and bequeathed.

A survey of the land was had and a map filed as a part of the record.

Thomas M. Fitchett and other defendants to the bill filed their answer and cross bill, alleging that the twenty acres of land devised to Sallie E. Parsons was not so located as contended by the devisees of Sallie Parsons and the administrator, but that the true location of the twenty acre tract should be a part of and come from tract "A" shown on the map; and that the other tracts designated as "B" and "C," and the lands lying south of these two tracts should be sold under the fifth clause of the will. This contention complainants controverted and offered proof to sustain the allegations of the answer to the cross bill, claiming a latent ambiguity in the will.

The chancellor refused to permit the taking of evidence to show the location of the twenty acre tract of land devised to Sallie E. Parsons, but heard the cause upon the bill of complaint and exhibits thereto, the answer and cross bill of the defendants and the answer of complainants to the cross bill.

Upon this hearing a decree was entered holding that there is no latent ambiguity in the will and codicil of Samuel H. Parsons, deceased, or in the description of the real estate devised thereby, and sustained *in toto* the contention of the appellees.

[1, 2] There is but one question before this court and that is, did the circuit court err in excluding the parol evidence offered by the appellants to show the true location of the twenty acre tract of land devised by Samuel H. Parsons to Sallie E. Parsons? It is unnecessary to cite authority to sustain the doctrine that parol evidence is not admissible to alter, detract from, or add to, the provisions of a will. It is not the purpose, as we view it, of the appellants to infringe upon this rule, when evidence was offered, nor to interpret the language used in the will, but in order, if possible, to designate the location of the land devised.

In the answer and cross bill filed by the defendants, it is alleged that the tenement house is located on tract "A," and that the "main house field" is said tract "A." On the other hand, appellants, in their answer to the cross bill, allege that the testator referred to the three tracts, "A," "B" and "C" as his "main house field;" that he built a fence separating tract "A" from "B" and "C" and called the land south of the latter "south field." It is also alleged that testator, assisted by Sallie E. Parsons, planted cedar trees to designate the boundaries of the tract of land devised to her.

It is not disputed that Sallie E. Parsons occupied and appropriated the rents and profits from the twenty acres of land in issue. It is contended, however, by the defendants, that this occupancy was with the consent of the life tenant. This contention is controverted in the pleadings by the appellants.

In this confused, contradictory state of the pleadings, we must resort to the will itself to determine the location of the land, if it is possible so to do. In our opinion, it is impossible, without the aid of extrinsic evidence, to arrive at a satisfactory conclusion. The language both in the third paragraph of the will and in the codicil is insufficient to definitely locate the twenty acres devised. The devise consists of the tenement house and twenty acres "adjoining," "situated in the southeastern *part* of the main house field." There is no answer in the codicil to the question, "Where is the main house field?"

[3] Courts do not look with favor upon intestacy. If the codicil does not locate the land, then the devise fails, unless extrinsic evidence is permissible to show the location of the twenty acres devised.

[4] We are of the opinion that parol evidence is admissible, under well recognized limitations, to show the surrounding circumstances attending the execution of a will and to identify the property devised.

In *Starke* v. *Berry*, 118 Va. 706, 88 S. E. 68, Judge Kelly said:

"It is an old and well settled rule in the construction of wills that, although the meaning of the testator must be determined by the language he uses, parol evidence of his surrounding circumstances is always admissible in order to apprise the court as nearly as may be of his situation and viewpoint with reference to the persons and things dealt with in the will, and

thus aid in determining his true intent.    2 Min. Inst. (4th ed.), pages 1060, 1070; *Wooton* v. *Redd's Ex'ors*, 12 Gratt. (53 Va.) 196, 205; 4 Wigmore on Evidence, section 2470, clause 3, page 3499; *Northrop* v. *Columbian Lumber Co.* (C. C. A.), 186 Fed. 770, 778, C. C. A. 640; *Atkinson* v. *Sutton*, 23 W. Va. 197, 200.

"In discussing the growth and development of this principle, Professor Wigmore (Vol. 4, page 3499) says: 'Once freed from the primitive formalism which views the document as a self-contained and self-operative formula, we can fully appreciate the modern principle that the words of a document are never anything but indices to extrinsic things, and that therefore all the circumstances must be considered which go to make clear the sense of the words—that is, their association with things.    In the field of wills, where there is none but the individual standard of meaning to be considered, this principle is seen in unrestricted operation; and its full sanction has often been judicially avowed.' "

In *Randolph* v. *Wright*, 81 Va. 608, it is said:    "Parol evidence of the circumstances, situation and connection of the testator, and his transactions between making his will and his death, are admissible to throw light on his intention.    *Shelton* v. *Shelton* [1 Wash. (1 Va.) 53], *supra; Kennon* v. *McRoberts*, Id. [1 Wash. (1 Va.)] 99-102 [1 Am. Dec. 428]."

In *Payne* v. *Payne*, 128 Va. 33, 104 S. E. 712, Judge Prentis said:    "Of course, in construing the will, we must first ascertain the intention of the testator from the words used therein, and if this intention is manifest, the will is effective.    While the will does not specifically describe the land, parol evidence is always admissible to identify the subject of a devise or bequest, as well as the person who is the object of the testator's bounty. No citations are needed to support this proposition

because it is everywhere accepted.   The authorities are collected in a note to *Lomax* v. *Lomax*, 218 Ill. 629, 75 N. E. 1076, 6 L. R. A. (N. S.) 943, and the annotator there says that Judge Lee's opinion in the case of *Wooten* v. *Redd*, 12 Gratt. (53 Va.) 196, is perhaps the most lucid exposition of the subject in hand that can be found in the American reports."

In 28 R. C. L., page 277, we read: "Parol evidence is admissible to enable the court to identify the property intended to be given by will, or to assist it in determining the quantum of interest which is to pass by the will."

Another pertinent case is *Ewell* v. *Brock*, 120 Va. 475, 91 S. E. 761.   In this case the testator devised to his daughter "the farm on which I now reside."   At the time of the testator's death he owned land which he had purchased at different times in separate tracts which lay contiguous to each other.   The testator lived on a farm which he had acquired about thirty-five years prior to his death, known as Morris Neck, containing about sixty acres.   About fourteen years prior to his death he purchased an adjoining farm containing about thirty acres known as the Cooper tract. The question before the court was whether the Morris Neck farm alone was devised by the will or both the Morris Neck and Cooper farms.   In delivering the opinion of the court, Judge Sims said:

"The case before us is clearly a case of latent ambiguity.   The language in question contains a description which is equally applicable to two objects—namely, the farm consisting of the two tracts, the Morris Neck and Cooper tracts.   Parol evidence was essential to remove this uncertainty.   Certainly the plaintiff in error could have had no standing in court to claim that the Cooper tract passed to Lena Batten by the devise without the

aid of parol testimony. This question of identity of the subject matter of the devise was a question of fact for the jury and not for the court." See also *Oakes* v. *Dickerson,* 141 Va. 726, 126 S. E. 670.

In *Sulphur Mines Co.* v. *Thompson's Heirs,* 93 Va. 293, 25 S. E. 232, a deed was held valid, which depended upon extrinsic evidence to identify the property conveyed.

[5] In an effort to sustain the decree entered, in the brief of appellees, it is said: "It is a fact, though it does not appear in the record, that the court viewed the premises before the entry of said decree." The fact that the court called to its aid a view of the premises was of itself sufficient evidence that a latent ambiguity did exist in the will. This action of the court was a "taking of evidence" of the most potent character and the appellants should have been afforded an opportunity to produce evidence in support of their contention as to the location of the land.

For the error of the trial court in refusing to receive proper evidence as to the true location of the twenty acres of land devised to Sallie E. Parsons, the decree complained of will be reversed and annulled and the cause remanded to the circuit court for such further proceedings as may be necessary to dispose of the cause upon its merits.

*Reversed.*