## Staunton.

### SAMUEL H. PARSONS' ADMINISTRATOR AND OTHERS v. THOMAS M. FITCHETT AND OTHERS.

September 19, 1929.

The opinion states the case.

*J. Brooks Mapp* and *Topping & Topping*, for the appellants.

*R. O. Norris, Jr.,* and *Mears & Mears,* for the appellees.

CAMPBELL, J., delivered the opinion of the court.

This is the second time this case has been before the Supreme Court of Appeals. (*Parsons* v. *Fitchett*, 148 Va. 322, 138 S. E. 491.) The main controversy grows out of and involves the proper construction of the will and codicil thereto of Samuel H. Parsons, deceased. The will is dated May 26, 1888. By the third paragraph of the will Samuel H. Parsons devised a certain tenement house and twelve acres of land to his niece, Salley E. Parsons. Paragraph three reads thus:

"I give and bequeath to my niece, Salley E. Parsons, (forever) the tenement house and twelve (12) acres of land adjoining, situated in the southeastern part of the main house field (6) acres to be in wood land and (6) cleared land."

On the 22nd day of August, 1898, testator added the following codicil to his will:

"I, Samuel H. Parsons, do make this codicil to my will above, dated the 26th day of May, A. D. 1888, as follows: I have given to my niece, Salley E. Parsons, the tenement and twelve acres of land, forever, and instead of giving my said niece the tenement and twelve acres of land, I do hereby give to her, my said niece, the tenement and twenty (20) acres of land adjoining in fee simple forever.

"Given under my hand and seal this 22d day of August, A. D. 1898."

That it was the intention of Samuel H. Parsons to

give and devise the tenement house and twenty acres
of land adjoining is conceded by all parties. The only

point in dispute is the proper location of the twenty
acres devised. It is the contention of appellants that
the true location of the twenty acres in dispute is upon
tract C, as shown by the accompanying map. The

contention of appellees is that said acreage has been properly located upon tract A.

When the case was first heard, appellants sought to introduce parol evidence showing, as they contended, the true location of the land involved. The trial court refused to permit the introduction of parol evidence and heard the case upon the original bill filed by appellants and answer thereto, the cross-bill filed by appellees, and the answer of appellants to the cross-bill. Upon this hearing the court reached the conclusion that the will was unambiguous and entered a decree locating the twenty acres of land as contended for by appellees. The only question involved in the former appeal was: Did the circuit court err in excluding the parol evidence offered by the appellants to show the true location of the twenty-acre tract of land devised by Samuel H. Parsons to Sallie E. Parsons? This court held that parol evidence was admissible to show the true location of the land involved, and remanded the case for such further proceedings as might be necessary to dispose of same upon its merits.

Prior to the second hearing of the case appellants moved the court to direct an issue out of chancery to determine the true location of the twenty acres of land adjoining the tenement house devised to Salley E. Parsons. This motion the court denied. The evidence was heard by the court and upon the conclusion of same the court adhered to its first conclusion and entered a decree adjudging:

"That upon the death of the said Samuel H. Parsons, his niece, Salley E. Parsons, became the fee simple owner of the tenement and twenty acres (20) of land adjoining, situate in the southeastern part in what is known as the 'Main House Field' marked A, on a plat filed with the papers in this cause, and bounded on the

north and west by said Main House Field; on the east by the lands of Grover Cleveland Belote; and on the south by that part of the farm of which the said Samuel H. Parsons died seized and possessed, known as 'South Field,' Marked B and C on a plat filed with the papers in this cause.''

From that decree this appeal was allowed. While it was unnecessary to decide upon the former appeal whether or not there was a latent ambiguity in the will of testator, this court in effect did decide that question. We were of opinion that it was impossible to determine from the language of the will and codicil the exact location of the twenty acres of land involved. That conclusion made necessary the introduction of parol evidence. The general rule in this State is to the effect that when the trial court has tried the case upon oral evidence, its conclusion on the conflict of evidence is entitled to great weight. But this rule applies only when evidence is substantially conflicting. In the case at bar there is no substantial conflict in the evidence.

In 1888, when the will was executed, testator, his wife and niece were living at his home on Tract A, shown on the map. A few years after the execution of the will Mrs. Parsons sust.ined an injury and it was necessary for her to have the care and attention of her niece, Salley E. Parsons.

Having previously stated to his friend and neighbor, O. L. Rookes, that it was his intention to devise to Salley E. Parsons twenty acres of land, instead of twelve acres, on the 22nd day of August, 1898, the codicil was executed. While the third clause of the will devised ''the tenement house and twelve acres of land adjoining, situated in the southeastern part of the Main House Field,'' it is to be observed that the codicil

is silent on the question of the location of the land, except that it should adjoin the tenement.

Some few years prior to the execution of the codicil and while Salley E. Parsons continued a member of his household, testator had what is designated on the plat as tract C surveyed, and marked the northwest and southwest corners of same with posts. A short time after the survey of tract C, testator, assisted by Salley E. Parsons, planted young cedar trees as permanent markers at the northwest and southwest corners thereof. There was also present when the cedars were planted one Solomon Spady, who testified that he heard testator tell Miss Parsons that he wanted her to place the trees so that she would know just where the land was located. It clearly appears that cedar trees are now standing where Spady testified they were placed by Miss Parsons. In a conversation with the witness, Rookes, testator pointed out to Rookes the cedar trees and told him that he had the trees placed as markers, and he was giving that portion of his land to "Miss Sally."

It further appears in evidence that for approximately three years prior to testator's death, which occurred in 1898, Sally E. Parsons received the rent from the tenement house and the twenty acres of land embraced in tract C.

By the second clause of his will Samuel H. Parsons bequeathed to his wife all of his personal property, and by the fourth clause he devised to her his "main farm during her natural life should she not have a lawful heir from our bodies."

After Samuel H. Parsons' demise Miss Parsons and Mrs. Parsons continued to reside in the home until the death of Miss Parsons, which occurred in 1920. Mrs. Parsons received all the rents and profits from

all the farm, with the exception of the twenty acres, adjoining the tenement, shown as tract C, which was in the exclusive control and possession of the niece.

The record further discloses that in the year 1900, condemnation proceedings were instituted in the county court in order to locate a road across the lands occupied by Mrs. Lucie A. Parsons and Miss Salley E. Parsons. The parties made defendants to this proceeding were Mrs. Parsons, Miss Parsons, Julius Parsons, executor of Samuel H. Parsons, deceased, Thomas H. Fitchett, Essie Wilkins and William H. Fitchett. The three last named persons are involved in this suit as appellees. In the condemnation proceeding damages were awarded only to Mrs. Parsons and Sally E. Parsons. To this award no exceptions were taken by the appellees named. No claim was made by them as residuary devisees under the will of Samuel H. Parsons. The board of supervisors approved the award and pursuant to an order of court the damages awarded to Salley E. Parsons were paid to her.

In April, 1918, Salley E. Parsons executed her will, devising the twenty acres of land in question to C. C. Belote, J. F. Parsons and the heirs of Mary V. Belote. In a trunk with the will was found a plat showing a survey adjoining the tenement house. The acreage shown on the plat is one-half acre situated on tract A and nineteen and one-half acres adjoining situated on tract C. It is the contention of appellants that this plat represents the survey made at the time the cedar trees were planted.

On December 31, 1921, the heirs of J. F. Parsons and Mary V. Belote conveyed their interest in the twenty acres of land devised to them by Sally E. Parsons to C. C. Belote. That deed was duly recorded

and with said deed was recorded the plat found with the will of Salley E. Parsons. Up to this point no one questioned either the location of the land or the ownership thereof.

By the fifth clause of his will, Samuel H. Parsons directed the sale of one-half of his realty, upon the death of his wife (without issue by him), and bequeathed the proceeds derived from the sale to the heirs of John G. Parsons and Elkanah Fitchett.

Upon the death of Lucie A. Parsons in 1924, appellant, J. R. Parsons, qualified as administrator, *cum testamento annexo*, of Samuel H. Parsons deceased, and instituted the instant suit seeking a construction of the will of Samuel H. Parsons and the ascertainment of the heirs of John G. Parsons and Elkanah Fitchett. Appellees were made parties defendant, and for the first time the location of the twenty acres of land was put in issue.

It is apparent from reading the record that the main controversy is not so much a question of acreage as it is a question of the value of the land involved. Appellees introduced a number of witnesses to sustain their contention that the land devised to Sally E. Parsons should be located on tract A. Some of the testimony is of a negative character, most of it to our mind is unsatisfactory and is not of such a conflicting character as to justify a determination of a question of fact in face of the great weight of evidence in favor of the contention of appellants.

When we only consider the language of the will of Samuel H. Parsons, deceased, the case before us is clearly a case of latent ambiguity. On this score we adopt the following language, employed in the former decision: "The language both in the third paragraph of the will and in the codicil is insufficient to definitely

locate the twenty acres devised. The devise consists of the tenement house and twenty acres 'adjoining,' 'situated in the southeastern part of the main house field.' There is no answer in the codicil: 'Where is the main house field?' ''

■ However, when we are aided in our construction of the will by the extrinsic evidence, which clearly shows the facts set forth, as well as in the construction placed thereon by Mrs. Lucie A. Parsons and Miss Sally E. Parsons by their use and occupation of the lands devised to them, by the long wait of appellees before an assertion of their alleged rights, we have no difficulty in arriving at the conclusion that the true location of the twenty acres of land in dispute is as contended for by appellants.

The decree of the circuit court will be reversed and annulled, and this court will enter a decree fixing the boundaries of the tenement and twenty acres of land devised to Sally E. Parsons as shown by the attached plat, with the metes and bounds thereof as follows: "Beginning at A, thence S. 72′ E. 14 87 chs. to B; thence S. 36′ W. 14 chs. 60″ to C; thence N. 72″ W. 11 ch. to D; thence 14 ch. 23′ to A.

"Also house with lot a. b. c. d. surrounding, containing one-half acre."

*Reversed.*