## Richmond.

## WALTERS vs. FARMERS BANK OF VIRGINIA.

December 8th, 1881.

1. EQUITABLE JURISDICTION—*General Rule.*—Where equity has acquired jurisdiction upon equitable grounds, it *may* go on to complete adjudication, establish legal rights and grant legal remedies otherwise beyond its scope; and no fact subsequently ascertained, showing want of good cause of action in the particular case, can defeat that jurisdiction.

2. IDEM—*Exception.*—This rule applies not to a case where it is manifest the object is, by false pretence, to transfer the controversy from a legal to an equitable forum, as in *Jones* v. *Bradshaw*, 16 Gratt. p. 356; but only where in the *bona fide* assertion of an equitable claim, plaintiff invokes the jurisdiction of equity, but, from some cause developed in the investigation, fails to establish his title to the specific relief claimed in his bill.

3. IDEM.—*The facts of each* case must determine whether equity will go on and decree against all the parties before it, or leave the parties to their more appropriate remedies at law.

4. CONSTRUCTION OF STATUTE.—Code 1873, ch. 141, § 19, providing that equity shall not have jurisdiction of suits on bonds, notes, &c., by assignee or holder thereof, was not intended to affect the principle that when the court has once rightly obtained cognizance of the controversy and of the parties, its power is effectual for complete relief.

5. EQUITY PRACTICE—*Parties.*—All interested in the subject matter in suit, may be joined as parties, but it is not essential that all should have an interest in all the matters involved.

6. IDEM—*Separate Estate—Endorser.*—Equity is the appropriate tribunal for charging *feme's* separate estate, and an endorser on her note may be joined as a party. And if from cause developed in the suit, plaintiff fails of his remedy against that estate, he may have relief in same suit against the endorser.

Appeal from decrees of chancery court of Richmond city pronounced 21st November, 1878, and 17th December, 1878, in the suit of the Farmers Bank of Virginia against Neal and wife, and A. G. Walters and others.

In January, 1861, Louisianna F. Neal, by her husband and agent, Thomas D. Neal, made a negotiable note for $800, payable sixty days after date, and endorsed by said Walters. It was discounted by said bank. It was not paid at maturity, and notice of the protest thereof was duly given.

In June, 1867, the bank instituted suit in chancery against Mrs. Neal, her husband, Treadway, her trustee, and Walters, her endorser, alleging that she was a married woman having a separate estate; that Treadway was her trustee, and T. D. Neal her agent; that by her agent she made the $800 note, got Walters to endorse and the bank to discount it, and prayed that the separate estate might be subjected to pay it, or that same might be paid by her or by her endorser.

In March, 1872, P. W. Ferrell, in his own right and as administrator of his alienee, Bird L. Ferrell, deceased, and others, filed their petitions stating that in 1866 P. W. Ferrell became complete purchaser of said separate estate for value without notice.

The plaintiff then filed amended bill charging that the conveyances from Mrs. Neal, her husband and her trustee to P. W. Ferrell, and from P. W. Ferrell to Bird L. Ferrell were fraudulent or voluntary, and prayed that they be set aside and the estate subjected to the debt.

The defendants filed demurrers and answers to the bills, and Ferrell plead the statute of limitations. Numerous depositions were taken.

The said chancery court, to which the cause had been removed from the circuit court of Danville, by its first decree overruled the demurrers and the plea of the statute

of limitations, dismissed the bill as to the Ferrells, who were complete purchasers of the separate estate for value without notice, and referred the cause to a master to ascertain whether or not there was any such separate estate of L. F. Neal as could be subjected to pay the debt. The master having reported that there was none such, by its second decree the chancery court adjudged that the bank recover of A. G. Walters the debt, interest and costs. From these decrees the said Walters obtained an appeal and supersedeas.

*Guy & Gilliam,* for the appellant.

The demurrer of the appellant should have been sustained, because—

1. The bill in making him a party was multifarious. Adams' Eq. 310; *Swift* v. *Paige,* 6 Paige, 28; *Jackson* v. *Leggett,* 2 Barb. Ch. Rep. 581; *Silcox* v. *Nelson,* 1 Geo. Decis. 24; *Johnson* v. *Brown,* 2 Hump. 327.

2. Equity has no jurisdiction of the legal right founded on the endorser's liability. *Daniel* v. *Morrison,* 6 Dana, 186; *Bassett* v. *Cunningham,* 7 Leigh, 402. The endorser has a right to have a jury pass on his case.

3. The plaintiff's remedy against the appellant was full, adequate, and complete *at law,* and such being the case, Code 1873, ch. 141, § 11 and § 19 applies, the latter declaring that "A court of equity *shall not have jurisdiction* of a suit upon a bond, note, or writing, by an assignee or *holder* thereof, unless it appear that the plaintiff had not an adequate remedy thereon at law."

5. The statement in the bill that the maker of the note, Mrs. Neal, had separate estate, whereby alone jurisdiction was acquired, was untrue. That estate had been sold and conveyed away nearly a year before the institution of the suit by deed duly recorded to a purchaser for value, without

notice of the suit.  So, plaintiff got into equity by a fiction—and had no *locus standi* there.  See *Jones* v. *Bradshaw,* 16 Grat. 355, 358, 362.

*W. W. Gordon, F. W. Christian,* for the appellees.

The objections that plaintiff had no jurisdiction in equity against Walters, and that it was multifarious to join him in a suit against the maker of the note, are unfounded. The claim against the maker, a married woman, could only be asserted in equity.  It was proper, if not necessary, to join the endorser, so that according to one of the favorite maxims of equity, full and complete relief could be administered in one proceeding.  He was an accommodation endorser.  It was proper to exhaust the maker's estate before going against him.  Upon a decree against him, he was entitled to a decree over against his principal.  So, he was interested in the whole scope of the suit.  Adams Eq. p. 310, and notes.

STAPLES, J.  It is conceded in this case that the appellees, as creditors of Mrs. Neal, had the right to resort to a court of equity for the purpose of charging her separate estate, if any she had, with the payment of her debts. The law is well established that a chancery court is the appropriate tribunal for the enforcement of the remedy in such case, inasmuch as no judgment *in personam* can be rendered against a married woman for liabilities incurred during the coverture.

The court having thus properly acquired jurisdiction as respects Mrs. Neal, and her separate estate, the question arises, Was it competent to make the appellant also a party to the suit, with the view to enforce his liability as endorser upon the negotiable note executed by Mrs. Neal?

It is very true an action at law might have been brought

against the appellant, judgment obtained, and the money made by the sale of his property. But it does not follow that a court of chancery would not have jurisdiction to enforce the same liability if the pursuit of Mrs. Neale's separate estate proved unavailing. The note in question not being paid at its maturity, and due notice of protest and non-payment being given the appellant, his liability as endorser became fixed, and thereafter he stood in the attitude of surety for the debt, not merely collaterally, but personally bound for its payment. As such surety the appellant was directly interested in the application of Mrs. Neal's separate estate to the payment of the note, and in every suit or other proceeding looking to that object. He certainly cannot complain that the appellees, instead of compelling him to pay in the first instance and leaving him to his recovery against Mrs. Neal, took upon themselves the burden of exhausting the separate estate for his relief and benefit. It does not appear, it is not even pretended, that the appellant had made any defence to the note. He could not, therefore, derive any advantage from a trial at law, or the verdict of a jury.

The rule is, that all persons concerned in the subject matter of the suit may properly be joined as defendants; nor is it essential that all the parties shall have an interest in all the matters contained in the suit. It is sufficient if each party is concerned in some of the matters involved in it, and they are connected with the others.—Story E. P., sec. 271, a.

The surety is directly interested in the question of the principal's liability and every effort to enforce that liability. It is for his benefit he shall be brought in along with his principal. The creditor may be careless or indifferent in pursuing the estate of the principal, knowing that the surety is ultimately responsible. The surety being before the court, as he has the right to be if he please,

may protect his own interests by seeing to it that due diligence is exercised in the suit against the principal.

If he regards the suit as unnecessary, or useless, he has only to pay the debt, according to his contract, and take the whole matter in his own hands.

Upon these grounds, and others which might be suggested, we think the appellant was properly made a party defendant to the bill against Mrs. Neal. The proposition seems to be so plain we have not thought it necessary to look for authorities in support of it.

It further appears that the proceedings against Mrs. Neal proved unsuccessful, for it turned out upon investigation that she and her trustee had previously sold and conveyed the separate estate, and had received the proceeds; whereupon the appellees, by an amended and supplemental bill, assailed the sale and conveyance as fraudulent. The effort was, however, unsuccessful, and the result was that nothing was realized from the separate estate. The only alternative, then, was to dismiss the appellees from the equitable forum and turn them around to an action at law against the appellant as endorser, or to retain the cause and render a decree against him for the amount of the note.

The learned counsel insist that the former course ought to have been pursued, because it is expressly provided by the statute that a court of equity shall not have jurisdiction of a suit upon a bond, note or writing by an assignee or holder thereof, unless it appear that the plaintiff had not an adequate remedy at law. Code of 1873, ch. 141, § 19. This statute has, however, no sort of application to the case. Its meaning will be better understood in understanding the object and purpose of its enactment. Formerly courts of equity assumed jurisdiction in favor of the assignees of bonds, notes and other common law obligations for the payment of money. That jurisdiction would still remain, notwithstanding the statute which authorized such as-

signees to sue in their own names at common law, and this upon the obvious ground that where the jurisdiction of the equity court has once vested, it is not taken away, because a statutory jurisdiction is conferred upon the common law courts in like case.

The object of the provision already quoted was to provide against the abuse of crowding the chancery courts with suits by assignees upon plain bonds; but out of abundant caution the provision was extended, and very properly, to the mere transferee or holder of the bond or other writing. *Winn* v. *Bowles*, 6 Munf. 23; 1 Tucker's Com. 347.

The statute was, of course, not intended to affect the operation of the general principle, almost universally recognized, that when the court has once rightly obtained cognizance of the controversy and the parties, its power is made effectual for the purposes of a complete relief.

It is, of course, not meant to say that in every case in which a court of equity acquires jurisdiction of a cause for a specific purpose, it may, notwithstanding that purpose has failed, in whole or in part, go on to decree against any party before it, merely to put an end to litigation, or prevent a multiplicity of suits.

So far from it, where the remedy at law is more appropriate than in equity, or where the verdict of a jury is proper, the jurisdiction will be declined, or, if retained, will be held subject to a trial at law. It is impossible to lay down any general rule on the subject without running counter to some plain exception or well recognized modification.

The general principle seems, however, to be that when a court of equity has once acquired jurisdiction of a cause upon equitable grounds, it may go on to a complete adjudication, even to the extent of establishing legal rights and granting legal remedies, which would otherwise be beyond the scope of its authority.

This principle has been repeatedly recognized by this court and other courts all over the country. *McArthur* v. *Clark*, 13 Gratt. 683; see Pomeroy's Equity Jurisprudence, § 181, note 2, where many authorities are cited; 1 Story E. J., § 65, *et seq.; Pierce* v. *Cresswick*, 24 E. Y. C. Re. 286.

In the case before us, as has been seen, the appellees properly applied to a court of equity for relief against the separate estate of Mrs. Neal. The appellant, as endorser and surety, was directly interested in the object of the suit, and as such was properly made a party. The entire litigation pending for several years was for his benefit. He might have ended it at any time by paying the debts, as it was his duty to do, when the default occurred. It was not pretended he had any valid defence to the note. He chose to take all the chances of a controversy waged in his interest. It would be a mockery of justice at this late day to turn the appellees around to an action at law, only to be defeated by the statutes of limitation.

It has been said, however, that inasmuch as Mrs. Neal had no separate estate at the time the bill was filed, the jurisdiction of equity could not attach as to any of the parties, and the bill ought to have been dismissed as to all. It is obvious, however, that the principle already involved, if it has value at all, is only useful where the plaintiff fails in the primary object of the suit, and by reason of such failure asks and obtains some further alternative relief.

In a suit for specific execution, if the plaintiff fail to prove the contract as alleged, the court may go on to decree him compensation, and thus do complete justice. *Stearns* v. *Beckham*, 32 Gratt. and cases cited.

The principle is almost universal that jurisdiction of the subject matter does not depend upon the ultimate existence of a good cause of action in the particular case. Being once properly and lawfully acquired, no subsequent fact can defeat that jurisdiction. *Gocinwell* v. *Burwell*, 1 Lord

Raymond, 466–67; *Hunt* v. *Hunt*, 72 New York, 217; *Salter* v. *Salter*, 6 Black. Re. 625; Wells on Jurisdiction of Courts, 68; *Bush* v. *Campbell*, 26 Grat. 435.

The learned counsel for the appellant relies upon the case of *Jones* v. *Bradshaw*, 16 Grat. p. 356, in which it was held that where a party resorts to a court of equity for a discovery as the sole ground for equitable relief, if it appear that he is full-handed with proof, his bill must be dismissed. In such case it is manifest that the object is by a false pretence to transfer the controversy from a legal to an equitable forum. The rule can have no application to a plaintiff who, in the *bona fide* assertion of an equitable claim, invokes the jurisdiction of a court of equity, but from some cause developed in the course of the investigation fails in establishing his title to the specific relief claimed in his bill. In every instance the court must determine upon the facts and circumstances of the particular case, whether it is better to leave the parties to their legal rights and remedies, or to go on and end the litigation by giving complete and final relief in the cause. 1 Bar. Ch. Prac. 339, and notes.

The present case is one of the latter character; for although the appellees fail in the specific relief sought, the purposes of justice required that the court should retain the case, and grant such relief as would terminate the litigation. For these reasons I think that the decree of the chancery court is correct, and should be affirmed.

DECREE AFFIRMED.