# 𝔖taunton

## BRANHAM V. ARTRIP.

### September 11, 1913.

#### Absent, Keith, P.

1. EQUITY JURISDICTION—*Complete Relief—When Refused—More Adequate Remedy at Law.*—Where the specific purpose for which a suit in equity was brought has failed, in whole or in part, a court of equity will not in all cases go on to decree against any party to it. If the remedy at law is more appropriate than in equity, or the verdict of a jury is proper for the determination of the controversy, the jurisdiction in equity will be declined.

2. IMPROVEMENTS—*Code, Section 2760—When Not Applicable.*—Section 2760 of the Code, allowing a defendant, under the conditions mentioned in that section, to file a petition to be allowed for improvements put upon land, while holding the same under a title believed by him to be good, applies only to actions of ejectment or to cases in which a decree or judgment is rendered against a defendant for land. The case in judgment is not an action of ejectment, but a suit in chancery, for the specific enforcement of an alleged parol contract, and no decree has been rendered therein against the defendant for land, and hence the statute does not apply.

Appeal from a decree of the Circuit Court of Dickenson county. Decree in part for the defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*Sutherland & Sutherland,* for the appellant.

*Skeen & Skeen* and *Vicars & Peery,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The appellant instituted an action of ejectment to recover of the appellee the possession of a certain lot of land in Dickenson county. Appellee thereupon filed the bill in this case praying that appellant be enjoined from prosecuting his action at law, and praying for the specific performance of an oral contract alleged in the bill. The circuit court refused to specifically enforce the contract alleged, because it was too indefinite and uncertain, but entered a decree directing that possession be delivered to the appellant upon the terms that he should pay appellee the value of the improvements he had put upon the land less the rental value of the same. From that decree this appeal was taken.

We are of opinion that the grounds necessary to justify the specific performance of the alleged contract were wholly wanting in the case, and that the circuit court properly refused to enforce it. We are, however, further of opinion that when the court reached that conclusion it should have dismissed the bill, leaving the parties to their remedies, if any, at law.

It is not every case in which a court of equity acquires jurisdiction of a cause for a specific purpose that it may, notwithstanding that purpose has failed in whole or in part, go on to decree against any party before it. So far from it, when the remedy at law is more appropriate than in equity, or where the verdict of a jury is proper, the jurisdiction will be declined. *Walters* v. *Farmers Bank,* 76 Va. 12.

The case of *Robertson* v. *Hogshead,* 3 Leigh (30 Va.) 723, was one where the bill filed was for the rescission of a contract. The court, having held that the plaintiff was not entitled to a rescission of the contract, was asked to go on and ascertain the damages he had sustained by reason of the alleged fraud in the procurement of the contract. This the court declined to do, and on appeal Judge Tucker,

speaking for this court, said: "A bill for damages will not lie in equity. The court could only ascertain those damages by sending the case to a court of law. To that, therefore, the party should apply, instead of clogging the litigation by a suit in equity, which could only end where he ought to have begun."

In the case before us the appellant denies that he ever entered into any parol agreement for the sale of the land in question. The appellee having no title is asking for the ascertainment of unliquidated damages for improvements claimed to have been put upon the land by him. The alleged parol contract is uncertain and indefinite and the whole evidence adduced on the subject utterly conflicting and unsatisfactory. It is, therefore, a case, as was said in *Walters* v. *Farmers Bank, supra,* where the remedy at law is more appropriate than in equity, and the verdict of a jury necessary for its proper determination.

The appellee, to sustain the jurisdiction of a court of equity to go on and ascertain the damages to which he is entitled in this case for improvements alleged to have been put upon the land, relies upon section 2760 of the Code of 1904, which is as follows:

"Any defendant against whom a decree or judgment shall be rendered for land, where no assessment of damages has been made under the preceding chapter, may at any time before the execution of the decree or judgment, present a petition to the court rendering such decree or judgment, stating that he, or those under whom he claims, while holding the premises under a title believed by him or them to be good, have made permanent improvements thereon, and praying that he may be allowed for the same over and above the value of the use and occupation of such land; and thereupon the court may, if satisfied of the probable truth of the allegation, suspend the execution of the judgment or decree, and impanel a jury to assess the damages

of the plaintiff and the allowances to the defendant for such improvements."

It has been repeatedly held that the statute relied on applies only to actions of ejectment or to cases in which a decree or judgment is rendered against a defendant for land. *Graeme* v. *Cullen,* 23 Gratt. (64 Va.) 266; *Woods* v. *Krebbs,* 33 Gratt. (74 Va.) 685; *Effinger* v. *Hall,* 81 Va. 94; *Flanary* v. *Kane,* 102 Va. 547, 558, 46 S. E. 312, 681. The case at bar is not an ejectment suit but a chancery suit for the specific enforcement of an alleged parol contract, and no decree has been rendered therein against the *defendant* for land.

For the foregoing reasons, this court will reverse the decree appealed from and will enter such decree as the lower court should have entered, dismissing appellee's bill with costs, without prejudice, however, to his right to proceed in a court of law to enforce such rights as he may have.

*Reversed.*