# Wytheville

VAN B. TRUSLOW, ETC. V. LUCY TRUSLOW BALL, ET ALS.

June 11, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning
and Eggleston JJ.

The opinion states the case.

*William K. Goolrick* and *G. B. Wallace,* for the appellant.

*Wm. W. Butzner,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

This is an appeal from a decree construing the will of Silas B. Truslow.

At the March Rules, 1933, Lucy Truslow Ball filed her

bill of complaint in which she alleged that she is the daughter of Silas B. Truslow, deceased; that her father departed this life August 26, 1925, seized and possessed of certain real estate in Courtland magisterial district, Spotsylvania County, consisting of thirty-five lots, as shown by the survey and plat of Von Schon and Garner, filed with the bill; that Silas B. Truslow left a holograph will in which he devised to his sons and daughters the real estate above mentioned; that Van Truslow was named as executor in said will, which was dated March 5, 1916, and admitted to probate on the 30th day of January, 1929; that Van Truslow is now and has been in possession of the three lots devised to complainant, claiming same as his own property.

The prayer of the bill is "that the court construe the will and have apportioned to the respective parties what is due thereunder; to have confirmed unto your complainant, * * * the three lots, Nos. 29, 30, 31, which were devised to her * * *; to have Van Truslow account for all moneys and property coming into his hands as executor * * *; to have the said Van Truslow vacate and surrender possession of the property belonging to complainant and to account for a fair rental of the said three lots and filling station from the death of the said Silas B. Truslow to the present time; * * *."

Van Truslow filed his answer and cross-bill, alleging that an agreement had been entered into between Silas B. Truslow and himself, to the effect that in consideration of his part in the payment of the purchase price of the lots, he was to receive one-half of the lots; that, pursuant to the agreement, he had made his selection of seventeen and one-half lots by number, as indicated on the plat; that he was entitled to a one-half interest in the filling station business conducted on lots 29, 30 and 31, by reason of advancements in money made by him to his father; that the estate is indebted to him for the support and maintenance of his mother, under the provisions of the will of his father; that a proper construction of the will of Silas B.

Truslow vests in him the three lots claimed by Lucy Truslow Ball.

The other defendants filed merely formal answers.

The will of Silas B. Truslow is as follows:

"This is my will this fifth day of March nineteen hundred and sixteen of our Lord if my property be paid for at my death my wife Susan J. Truslow is to live in the house as long as she doth live if she stay single if she gets married she shall have one hundred dollars and disposeth of any thing else my son Van Truslow to pay her the hundred dollars if the place is not paid for my oldest son Van to do what he sees fit but if paid for Van Truslow shall have seventeen and a half lots where he shall wish them except the 3 lots to the house at the death of my wife if she stay single go to' Gracie Truslow my daughter and Bulah Truslow my daughter to do as they like except to sell if they wish to sell to my son, Van and no one else the property *ti*ven to them must not go out of the family, on the southside facing North East and *South East 3 three lots to my daughter Lucy Ball Truslow and no one else* at her death to do as she please with them on, the west side south east corner I give two lots to Claudy Truslow my son and above him North west 3 lots to my son Mack-duff Truslow the remainder of six lots and a half is to be sold to pay my debts if any is owing and if none to be given over to my son Van B. Truslow to dispose of as he may see fit only to go to looking after his mother and taking care of her. To my son Clay Truslow twenty-five dollars in money and no more and to Thomas Truslow my son twenty-five dollars a toom stone at my hede and foot and my grave looked after and my son Van Truslow to be the administrator over all the property and affairs and not to give any bond writen this 5 day of March 1916 by my own hand and in my own handwriting S. B. Truslow.

S. B. Truslow (Seal)

Spotsylvania County, Va."

The chancellor being of opinion that a reference to a commissioner was essential, appointed Honorable S. B.

Coleman commissioner, with direction to ascertain, among other things:

(1) "What lots passed to the respective parties under the last will and testament of Silas B. Truslow?

(2) "What is a fair rental of the filling station located on the three lots 29, 30 and 31, in Block 7, annually from the death of Silas B. Truslow to the present time?

(3) "Whether or not a fair rental for the occupancy of the said filling station and three lots should be adjudged due to Lucy Truslow Ball?"

All the parties were represented by counsel before the commissioner, and after an exhaustive hearing, the commissioner, in a well considered report dealing with the facts and the law applicable thereto, found that under the will of Silas B. Truslow Lots 29, 30 and 31 passed to Lucy Truslow Ball; that a fair rental of the lots and filling station is seventy-five dollars per month; that Van Truslow has occupied the filling station since the death of Silas B. Truslow, and that he is indebted to Lucy Truslow Ball for rent for a period of five years next prior to the institution of this suit.

The report was excepted to by Van Truslow, on the ground that the finding of the commissioner in each instance was erroneous. The chancellor overruled the exceptions, and by decree sustained the report of the commissioner in its entirety.

The determinative assignments of error challenge the correctness of the decree, on the ground that the court erred in disallowing the claim of Van Truslow, that he was, by reason of his agreement with Silas B. Truslow, entitled to seventeen and one-half lots of his own selection; that, by reason of money advancements made to his father, he was part owner in the filing station; that the court erred in awarding lots 29, 30 and 31 to Lucy Truslow Ball; that the court erred in decreeing a judgment against Van Truslow in the sum of $5,600.00, with interest until paid; that the court erred in not allowing Van Truslow's claim for improvements.

There is no merit in the contention of appellant that he is entitled to a specific performance of the alleged parol contracts dealing with his interests in the thirty-five lots and in the business relative to the conduct of the filling station.

In *Wright* v. *Pucket,* 22 Gratt. (63 Va.) 370, the law governing parol agreements was clearly stated and has been consistently followed in every subsequent case involving the doctrine. There it is said:

"From the numerous decisions on the subject the following principles may be extracted and briefly stated as follows: 1st. the parol agreement relied on must be *certain and definite* in its terms. 2nd. The acts proved in part performance must refer to, result from, or be made in pursuance of the agreement proved. 3rd. The agreement must have been so far executed that a refusal of full execution would operate a fraud upon the party, and place him in a situation which does not lie in compensation."

It is also true that under the provisions of section 6209 of the Code there must be corroborative evidence of the agreement, when, as in this case, it appears that one of the parties is dead. While there is some evidence tending to show that Van Truslow sent his father money at stated periods, there is no evidence corroborative of the fact that such money was derived by the father pursuant to the alleged agreement.

In our opinion the evidence is not sufficient to establish the alleged contracts. See *Couch et als.* v. *Cox,* 165 Va. 55, 181 S. E. 433.

The contention of appellant that the court erred in awarding lots 29, 30 and 31 to Lucy Truslow Ball is untenable.

The intention of the testator is clearly manifested by the language employed to effectuate the several devises to his children. To his son Van Truslow he devised—not a one-half interest in the property—but seventeen and one-half lots to be selected by him in Block 7, save and except:

"(a) The 3 lots to the house at the death of my wife if

she stay single go to Gracie Truslow my daughter and Bulah Truslow my daughter to do as they like except to sell if they wish to sell to my son Van and no one else the property given to them must not go out of the family.

"(b) On the south side facing North East and South East 3 three lots to my daughter Lucy Ball Truslow and no one else at her death to do as she please with them

"(c) On the west side South east corner I give two lots to Claudy Truslow my son

"(d) And above him North west 3 lots to my son Mackduff Truslow * * *.'"

There is no controversy whatever in regard to the devise to Grace, Bulah, Claudy and Mack Truslow. Nor is it claimed by appellant that Lucy Truslow Ball was omitted. The contention of appellant is that the devise to Lucy Truslow Ball does not sufficiently identify the lots devised so as to include the filling station property, and therefore, lots 29, 30 and 31 fall to him by reason of his right of selection under the terms of the will.

The devise to Mrs. Ball is as follows: "On the south side facing northeast and southeast three lots to my daughter Lucy Ball Truslow and no one else at her death to do as she pleases with them."

In order to identify the lots devised to Mrs. Ball, her counsel introduced the plat of Block 7, and several witnesses, who testified that lots 29, 30 and 31, when taken as a whole, answered the description of the will, to-wit: three lots on the south side facing northeast and southeast. The introduction of this evidence was objected to by counsel for appellant.

██ ██ Under the holding of this court, in *Parsons* v. *Fitchett*, 148 Va. 322, 138 S. E. 491, 492, no error was committed by the commissioner in allowing parol evidence on the question of identity. That case involved a question similar to, if not identical with, the question here under review. In the opinion we read:

"There is but one question before this court and that is, did the circuit court err in excluding the parol evidence

offered by the appellants to show, the true location of the twenty acre tract of land devised by Samuel H. Parsons to Sallie E. Parsons? It is unnecessary to cite authority to sustain the doctrine that parol evidence is not admissible to alter, detract from, or add to, the provisions of a will. It is not the purpose, as we view it, of the appellants to infringe upon this rule, when evidence was offered, nor to interpret the language used in the will, but in order, if possible, to designate the location of the land devised.

\* \* \* \* \* \* \* \* \* \*

"Courts do not look with favor upon intestacy. If the codicil does not locate the land, then the devise fails, unless extrinsic evidence is permissible to show the location of the twenty acres devised.

"We are of opinion that parol evidence is admissible, under well recognized limitations, to show the surrounding circumstances attending the execution of a will and to identify the property devised."

In support of the decision, the following cases are cited with approval: *Starke* v. *Berry's Ex'rs,* 118 Va. 706, 88 S. E. 68; *Randolph* v. *Wright,* 81 Va. 608; *Payne* v. *Payne,* 128 Va. 33, 104 S. E. 712; *Ewell* v. *Brock,* 120 Va. 475, 91 S. E. 761.

The next assignment of error calls in question the entry of judgment against appellant in the sum of $5,600.

The record clearly discloses that upon the death of Silas B. Truslow, appellant took charge of the filling station and operated it continuously, with the exception of about six months, for his own use and benefit.

The evidence on the question of a fair rental of the property, while conflicting, preponderates in favor of the holding of the commissioner, which was confirmed by the trial court. Without detailing the evidence, it is sufficient to state that the record shows that at the time of the death of Silas B. Truslow, there was a four-year contract with the Texas Oil Company, at a rental of $60.00 per month. At the expiration of that contract, appellant rented to the same company for the sum of $100.00 a month, and, in

addition, received as manager the sum of two and a half cents per gallon on all motor fuel sold and forty per cent of the proceeds from oil sold. That the business was a lucrative one is evinced by the evidence that approximately a quarter of a million gallons of motor fuel was sold in one year, and the sum derived therefrom approximated $7,500.

There is no merit in this assignment of error.

The claim of appellant for improvements is fully answered in the report of Commissioner Coleman:

"It has been alleged and shown that Van B. Truslow placed certain permanent improvements on this property after his father's death. It is submitted, however, that the costs of these improvements cannot be considered as a partial set-off against the rental of the property for the following reasons:

"At common law all buildings and improvements in the way of fixtures annexed to the freehold became a part of it and inured to the benefit of the owner of the land. This was true even though the person making the improvements did so under color of title and acted in a *bona fide belief of ownership. Graeme* v. *Cullen,* 23 Gratt. (64 Va.) 266.

"This has been changed to some extent by statute, Va. Code 1930, sections 5483, 5491. A defendant can now recover for permanent improvements, when and only when he makes the improvements while 'holding the premises under a title believed * * * to be good.' The courts have held that this section has no application to one who is not a *bona fide* purchaser, and that a person with notice actual or constructive, of infirmity in his title, cannot recover. *Smith* v. *Woodward,* 122 Va. 356, 94 S. E. 916; *McDonald* v. *Rothgeb,* 112 Va. 749, 72 S. E. 692, Ann. Cas. 1916B, 63; *Nixdorf* v. *Blount,* 111 Va. 127, 68 S. E. 258.

"In interpreting these sections, it is also held that they apply only to actions of ejectment or to cases in which a judgment or decree is entered against the *defendant* for land. *Flanary* v. *Kane,* 102 Va. 547, 46 S. E.

312, 681. And that they do not apply in suits to enforce parol contracts to convey real estate, *Branham* v. *Artrip*, 115 Va. 314, 79 S. E. 390.

 "It cannot be said that Van B. Truslow held this property under a color of title, nor can it be said that a decree can be entered against Van B. Truslow for land in this proceeding. Mr. Truslow appears to have been holding the property by virtue of an alleged parol agreement with his father and appears to come squarely within the scope of *Branham* v. *Artrip, supra.*" See also, *Kian* v. *Kefalogiannis,* 158 Va. 129, 132, 163 S. E. 535, 82 A. L. R. 894.

While not essential to a decision of the case, the record discloses that lots 29, 30 and 31 have a fair market value of approximately $6,000, and the lots devised to appellant are valued at from ten to twelve thousand dollars.

We find no error in the decree appealed from and it will be affirmed.

*Affirmed.*