## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Ivan C. Dutterer, Inc.

    v.

Gross et al.

Case No. (Law) 10174

By JUDGE ALFRED D. SWERSKY

March 25, 1988

    The matter is before the court on Defendant's Motion to Transfer this case from Law to Chancery. After consideration of the Memoranda filed and the argument of counsel, I am of the opinion that the Motion must be granted.

    Defendants argue that an action to pierce the corporate veil is solely the province of a court of equity. No authority in Virginia has been found dealing with this particular question, and Defendants rely on dicta in cases such as *Steyhr Daimler Puch of America v. Pappas*, 35 B.R. 1001 (E.D. Va. 1983); *Cheatle v. Rudds Swimming Pool Supply Co.*, 234 Va. 207 (1987); and *Bangor Punta Operations, Inc. v. Bangor Aroostook R. Co.*, 417 U.S. 703 (1974).

    Plaintiff argues that the Court must look to the remedy sought by the piercing of the corporate veil to determine the nature of the actions. Since it seeks to impose a judgment for money damages, Plaintiff asserts the action is one at law. *See, Stanardsville Vol. Fire Co., Inc. v. Berry*, 229 Va. 578 (1985). Authorities from other states are relied upon such as *Castleberry v. Branscum, et al.*, 721 S.W.2d 270 (Texas, 1987), which holds that questions of fact such as the disregarding of the corporate fiction must be decided by a jury.

    Virginia has long recognized a marked distinction between law and chancery and continues to do so. *Wright*

*v. Castles*, 232 Va. 218 (1986). In equity substantial rights rather than mere matters of form are controlling and the corporate form can only be disregarded if it is necessary to preserve, protect, or enforce such substantial rights. Where matters of fairness and public policy are involved and where it is necessary to prevent an injustice, equity is the proper side of the Court.

It is beyond doubt that the corporation is a separate and distinct entity from the shareholders or members who compose it and that shareholder immunity is a basic provision of statutory and common law and supports a vital economic policy. To refuse to recognize this immunity is "an extraordinary exception and should be permitted only in cases in which it is necessary to promote justice." *Beale v. Kappa Alpha Order*, 192 Va. 382, 397 (1951); also *Cheatle, supra*, at 212.

The Motion to Transfer should be granted subject to the following qualifications.

I am aware that once equity jurisdiction attaches, the chancellor can retain jurisdiction for all purposes, even though the additional relief may be at law. *See, Salyer Co. v. A. J. Doss Coal Co.*, 157 Va. 144, 150-151 (1931). I am concerned, however, that the Motion for Judgment in this case alleges six causes of action arising out of the factual allegations, five of which are clearly actions at law. The remaining cause of action is, of course, the piercing of the corporate veil.

There may be an exception to the rule that equity affords complete relief. In *Chesapeake & Ohio Ry. v. Douthat*, 176 Va. 244 (1940), the Supreme Court ruled that after dismissal of a claim for specific performance of a contract, the trial court should have transferred the case to the law side for determination of damages. I am unable to reconcile these two cases in attempting to fashion an appropriate transfer to equity. Counsel are invited to forward their comments and suggestions within ten days after receipt of this letter.

April 25, 1988

I have read your responses to my letter of March 25, 1988, and I am of the opinion that the entire cause must be transferred to the chancery side of this Court.

Unless it appears that the equitable claim is without foundation, it is sufficient to invoke equity jurisdiction. Once that jurisdiction is invoked, the equity court would have the jurisdiction to dispose of the other claims even though they are cognizable at law. *See, Branham v. Artrip*, 115 Va. 314, 79 S.E. 390 (1913); *Iron City Sav. Bank v. Isaacsen*, 158 Va. 609, 164 S.E. 520 (1932).