## CIRCUIT COURT OF SHENANDOAH COUNTY

Finks

 v.

Gray et al.

November 18, 1988

Case No. (Chancery) 2978

By JUDGE PERRY W. SARVER

Set forth herein is the opinion of the Court addressing the remaining issues to be decided in this matter and as set forth in that Decree entered by the Court on July 15, 1988, pursuant to those proceedings had on July 6, 1988, to wit:

(1) Is the complainant entitled to an award for the value of the improvements?

(2) If so, how much should the complainant be allowed for said improvements?

(3) If the Court awards the complainant the value of his improvements, what is the proper method of collecting the same?

For those reasons set forth herein, the Court is of the opinion that the complainant is not entitled to an award for the value of the improvements, and because of this ruling, it is not necessary to respond to the second and third issues.

The Court is called upon to apply Code § 8.01-166 to the facts at hand. The material portions are as follows:

Any defendant against whom a decree or judgment shall be rendered for land, when no assessment of damages has been made under Article 14 (Section 8.01-131 et seq.) of this chapter, may, at any

> time before the execution of the decree or judg-
> ment, present a pleading to the court rendering
> such decree or judgment, stating that he, or
> those under whom he claims *while holding the
> premises under a title believed by him or them
> to have been good*, have made permanent improve-
> ments thereon, and moving that he should have
> an allowance for the same . . . . (Emphasis
> added).

The central question presented to the Court is whether
or not plaintiff was holding the premises on which the
improvements were located under a title believed by him
to have been good; and whether or not those actions taken
by him, prior to constructing the improvements consisting
of checking the boundary lines with a compass and relying
upon representations of his grantor, were sufficient actions
on his part to constitute a basis for a belief by him
that he held title to that real estate on which he had
constructed the improvements.

The present statute (Code § 8.01-166) is a statute
that has evolved over the years to give relief against
the harsh common law rule which provided "that all buildings
and improvements in the way of fixtures annexed to the
freehold became a part of it and inured to the benefit
of the owner of the land. This was true even though the
person making the improvements did so under color of title
and acted in a *bona fide* belief of ownership." *Truslow
v. Ball*, 166 Va. 608 (1936). While the statute has been
changed from time to time, there seems to be no change
in the rule of law, that "[t]he courts have held that
this section has no application to one who is not a *bona
fide* purchaser, and *that a person with notice, actual
or constructive*, of infirmity in his title cannot recover,"
(emphasis added) *Truslow, Id.* at 617. While plaintiff
may not have had actual notice, he unquestionably had
constructive notice, by reason of the land records in
the Clerk's office of this Court.

The application of plaintiff's deed description to
the monuments found on the real estate presented several
problems. First, there was a conflict between the location
of the common boundary line between the real estate of
the parties, and this was resolved in favor of the plaintiff

at the conclusion of the hearing on July 6, 1988, after hearing evidence of two certified land surveyors, each party having their property surveyed. Carl J. Rinker, a Certified Land Surveyor, testified for plaintiff, while Larry C. Himelright, a Certified Land Surveyor, testified for defendants. Regardless of whether this issue would have been decided in favor of plaintiff or defendants, the problem remained as to the improvements, and they were clearly located on defendants' real estate, irrespective of which boundary line was correct. See that plat prepared by Mr. Rinker and filed herein as Exhibit D and recorded in Deed Book 479, page 467, of the Clerk's office of this Court.

The discrepancies that existed between the descriptions to the respective boundary lines were matters of record and notice to each of the parties. Had plaintiff, a lay person with respect to the profession of surveying, acted in a reasonable manner and had his property surveyed by a certified land surveyor instead of resorting to the imprecise method of taking a compass and attempting to locate corner markers without regard to distances and relying upon representations made to him by his grantor, which were only as accurate as they were at the time they were made to the grantor, he would have readily found two things: (1) that there was a conflict in the location of the common boundary causing an overlap, and (2) regardless of which line was accepted as the true line, the location that plaintiff utilized was not on his real estate but on the real estate of defendants.

It is the opinion of the Court that plaintiff had a higher duty of inquiry than the one utilized by him. As stated in *Kian v. Kefalogiannis*, 158 Va. 129, 163 S.E. 535 (1932), p. 133:

> Whenever inquiry is a duty, the part bound to make it is affected with knowledge of all which he would have discovered had he performed the duty. Means of knowledge, with the duty of using them, are, in equity, equivalent to knowledge itself.

Citations omitted.

Constructive notice as defined in Black's Law Dictionary (Rev. 4th Ed.) *Notice*, page 1210 "is information or knowledge of a fact imputed by law to a person (although he may not actually have it) because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it," (citations omitted). The court further stated in *Kian* "that a purchaser is bound not only by actual but also by *constructive* notice, which is the same in effect as actual notice, and that he has no right to shut his eyes or his ears to the inlet of information, and then say he is a *bona fide* purchaser without notice." *Id*. at 133. Finally, the court in *Kian*, p. 134, stated that:

> It seems to us that to hold that a purchaser can close his eyes to his record title and recover for improvements, on the theory that there was reason to believe the title good, would be to set a premium on negligence and nullify our registry statutes.
>
> [B]elief, to be *bona fide* must be founded in ignorance of facts, and not ignorance of law. And ignorance of fact cannot be predicated on a case where the purchaser is affected with constructive notice.
>
> "[A] purchaser cannot claim that he put improvements upon land in good faith, believing that he had good title, when the records disclose a defective title."

Citations omitted.

As stated above and as can be readily seen from the evidence, when plaintiff finally resorted to the assistance of a certified land surveyor, the results disclosed, to him, what he should have ascertained in the exercise of due diligence prior to the time that he began construction. Plaintiff complains that defendants never advised him as to where the true line was or notified him that he was building upon their property. It appears from the evidence that defendants, and in particular Mr. Gray, did not know the exact location of the boundary line and in fact were not conducting any activities that would cause them to have a survey made until 1983 when

the parties did meet on the ground. At that time, Mr. Gray was dissatisfied with the boundary line as pointed out by plaintiff, and he then undertook to have a survey made which revealed the discrepancy between the two surveys as to the location of the common boundary line which the Court has previously resolved in favor of plaintiff, but, even with this adjustment, the more serious problem remained with plaintiff's improvements being located upon defendants' real estate solely by acts of the plaintiff and through no fault, breach of duty, or lack of diligence on the part of the defendants.

The Court having now ruled that plaintiff is not entitled to recover the value of the improvements, counsel for defendant shall prepare a final decree, incorporating this opinion letter therein by reference, and secure appropriate endorsements from all counsel and tender the same to the Court for entry.